[No. 10,775.]
October 5, 1882.

## THE PEOPLE v. E. J. EMMONS ET AL.

ASSAULT—INDICTMENT.—The indictment charged, in effect, that the defendants unlawfully, and with force and violence, did seize and throw out of an attic window, in the third story of a building, one Ah Wee, and did thereby with force and violence cause the said Ah Wee to fall from said window to the ground—a distance of twenty-five feet—whereby he was greatly injured, and became sick and sore therefrom.

*Held:* The indictment is good, under Section 245 of the Penal Code. The facts charged amount to a felony, and if proved as laid, would justify a verdict of guilty under the foregoing section.

APPEAL from a judgment for the defendant, in the Superior Court of the County of Contra Costa.

*A. L. Hart*, Attorney-General, and *Eli R. Chase*, District Attorney, for Appellant.

*E. J. Emmons* (in person), for Respondents.

MORRISON, C. J.:

The indictment found and presented against the defendants charges that " on the twenty-sixth day of April, 1882, they, acting together and without authority of law, did riot-

ously, unlawfully, and tumultuously assemble together for the purpose, and with the intent, fifty persons and more of the China nation, whose names are to the jurors unknown, then and there being, etc., with force and violence, unlawfully, riotously, and tumultuously, then and there to drive out of said building and from said town of Martinez, and so being assembled, etc., unlawfully, riotously, tumultuously, and with force and violence upon the person of one Ah Wee, a Chinaman then and there being, did commit an assault, and him, the said Ah Wee, unlawfully, riotously, tumultuously, and with force and violence, did then and there seize and throw out of the attic window of said Old Corner building, which said window was then and there situate in the third story from the ground in said building, * * * and did then and there and thereby, etc., with force and violence cause the said Ah Wee to fall from said window to the ground, a distance of twenty-five feet, whereby he was greatly injured and became sick and sore therefrom."

To the foregoing indictment a demurrer was interposed on behalf of the defendants, which was sustained by the Court, and the appeal is on behalf of the people.

We think the indictment was good under Section 245 of the Penal Code, which reads: "Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by means of force likely to produce great bodily injury, is punishable by imprisonment in the State Prison, or in the County Jail, not exceeding two years, or by fine not exceeding five thousand dollars, or by both."

The facts constituting the offense are fully stated in the indictment; they amount to a felony, and if proved as laid, would justify a verdict of guilty under the foregoing section. If such an act of violence had resulted in the death of the party assaulted, the perpetrators of it would have been guilty, at least, of manslaughter, and perhaps of murder under the law. If one person maliciously and with premeditation seizes another and throws him out of a third-story window twenty-five feet from the ground, and thereby causes his death; or, if with the same purpose and intent, one casts another into the sea, whereby the latter is drowned, there is no reason why the perpetrator of such an act should not be guilty of

murder in the same degree that he would if a pistol or knife were used as the means of producing death.

The Court erred in sustaining the demurrer. The judgment is therefore reversed, and the cause is remanded with instructions to the Court below to overrule the demurrer to the indictment.

THORNTON, MYRICK, McKEE, and ROSS, JJ., concurred.

McKINSTRY, J., concurred in the judgment.