[Crim. No. 1094.   Department Two.—June 17, 1904.]

# THE PEOPLE, Respondent, v. CHARLES SMITH, Appellant.

CRIMINAL LAW—PETIT LARCENY—DISMISSAL FROM JUSTICE'S COURT—CHARGE OF FELONY—PRIOR CONVICTION OF BURGLARY—FORMER ACQUITTAL.—The dismissal of a charge of petit larceny in a justice's court on motion of the district attorney, for the purpose of charging a felony for the same offense against the same defendant, based upon a prior conviction of burglary, does not operate as a former acquittal.

ID.—REMARKS OF DISTRICT ATTORNEY NOT PREJUDICIAL—CAUTION OF COURT.—Remarks of the district attorney, made in good faith, in allusion to the former conviction, not definitely stated, by way of address to the court in opposition to defendant's offer of evidence of the proceedings in the justice's court, under his plea of former acquittal, and objecting that the question was one of felony (though the district attorney would better not have alluded to the former conviction, of which the defendant had pleaded guilty), were not prejudicial, where the court immediately cautioned the jury to pay no attention to what the district attorney had said, as it was not evidence for the jury, and the question was merely one of law for the court.

ID.—CRIMINAL INTENT OF DEFENDANT—UNEXPLAINED TAKING AND POSSESSION OF STOLEN GOODS—INFERENCE BY JURY.—Where the defendant was found in recent possession of the stolen goods, which he had taken from a tailor-shop, and he did not testify as to his intention in taking them, nor explain his possession of them, the jury might infer his criminal intent from all the circumstances of the case, and their verdict of guilty will not be disturbed.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion.

Jones & Berry, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

COOPER, C.—The defendant was charged with the crime of petit larceny and with a prior conviction of burglary. He entered his plea admitting the charge as to the prior conviction, but to the charge of petit larceny he pleaded not guilty, and he also pleaded a former acquittal of the petit larceny charged in the information. He was convicted, sentenced to two years and ten months in San Quentin, and prosecutes this appeal from the judgment and order denying his motion for a new trial. In support of his plea of former acquittal he offered in evidence a complaint in the justice court, charging him with the same petit larceny charged in the information, a warrant of arrest issued upon the said complaint, and a judgment of dismissal of the charge against him; said judgment having been made on motion of the district attorney. The judgment of dismissal recites: "E. H. Hoar moves the court to dismiss the complaint on file herein and to file a new complaint charging a felony. F. W. Henderson, attorney for defendant, objects to the dismissal of the complaint on file and to the filing of a new complaint. Objections overruled. Complaint herein dismissed and defendant discharged."

The court sustained the objection of the district attorney to the evidence offered, for the alleged reason that the dismissal being for the purpose of charging a felony the dismissal was not a bar and did not amount to an acquittal. It was admitted "that the information charging said defendant with felony, and upon which the defendant was then on trial, embraced the same charge contained in the complaint charging the defendant with petit larceny, filed in the justice court of No. 2 Township, county of Merced, and subsequently dismissed in said court on the 20th day of July, 1903, and also related to the same person, place and facts."

The ruling of the court presents the question as to whether or not the judgment of dismissal in the justice court amounts to a bar or acquittal of the same offense in the superior court. We are of opinion that the judgment of dismissal was not a bar, and that the court did not err in excluding the offered

evidence. The Penal Code (sec. 1385) provides: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

The above provision is general in its nature and authorizes an action to be dismissed in a justice court in a case where a defendant is charged with a misdemeanor of which the justice court has jurisdiction.

It is provided in section 1387 of the Penal Code that "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

This case comes within the terms of the section last cited. It was never intended that the dismissal should be a bar to a prosecution for a felony. The defendant has never been in jeopardy for the felony, if the act charged against him be a felony. A felony is a crime punishable with death or imprisonment in the state prison. (Pen. Code, sec. 17.) Defendant had before been convicted of the crime of burglary, which crime is punishable by imprisonment in the state prison. (Pen. Code, sec. 461.) The punishment for petit larceny committed by one who has before been convicted of burglary is imprisonment in the state prison not exceeding five years. (Pen. Code, sec. 666.) Therefore, when the defendant committed the crime of petit larceny he committed a felony. It was necessary to allege and show that he was one of the class of persons mentioned in section 666, and this being done, and the petit larceny being proven, the crime was a felony. The question as to whether or not the crime is a felony depends upon the punishment. If the punishment is imprisonment in the state prison the crime is a felony. Appellant claims that the district attorney was guilty of such misconduct in referring to the prior conviction of the defendant as to demand that the judgment be reversed. It appears that while the district attorney was arguing to the court the question of the admissibility of the record of dismissal in the justice court, he said: "The question turns essentially upon whether or not the offense is a misdemeanor, or whether it is a felony. Our con-

tention is that by reason of a former conviction, and the statute making—your honor is familiar with it—a second conviction of petit larceny.'' Here the defendant's attorney objected, and the judge promptly admonished the jury and said: ''I do not think the jury understands what is meant by that remark. The jury will not pay any attention to anything the district attorney has now said, because he is making his address to the court, and there is nothing for the jury to consider at the present time. This is a question of law for the court to pass upon, and anything the district attorney may have said you are instructed not to consider at all at the present time. Anything he has now stated to me is not evidence in the case, you understand.'' It does not appear that the district attorney was acting in bad faith. His remarks were addressed to the court, and he was attempting to show that defendant was charged with a felony in order that his objection to the record offered in evidence might be understood by the court. The reference to a former conviction was not definite. The court plainly and promptly told the jury that the remark was not evidence and was not to be considered by it. While it would have been the better course for the district attorney to have refrained from making the remark, we do not think, under the circumstances, it was injurious. If the district attorney had been acting in a manner to indicate bad faith; if he had willfully stated the fact that defendant had before been convicted of burglary, or if he had stated anything material as being true without support in the record, we would not hesitate to reverse the case. But we think the ends of justice and the due administration of the laws do not demand of us a reversal, on account of an inadvertent sentence, which as matter of law should not have been made, where the court promptly endeavors to correct the matter.

The rule in support of the above is well stated in *People* v. *Molina,* 126 Cal. 505. The cases cited by appellant are all of them easily distinguished from this. The principal one is *People* v. *Sansome,* 84 Cal. 43. In that case the clerk, by direction of the court, and in face of the statute, read to the jury the portion of the indictment charging a prior conviction, after defendant had admitted the prior conviction. In the opinion the court said: ''The learned judge did not tell

the jury that he had erred in allowing the charge of a previous conviction and the confession thereof to be brought to their attention, and that in determining as to defendant's guilt they should wholly discard this knowledge from their minds." In *People* v. *Thomas*, 110 Cal. 42, the court under defendant's objection, admitted evidence of a prior conviction, which the defendant had admitted. This was a direct violation of subdivision 1 of section 1093 of the Penal Code, and the court so held.

Finally it is urged that the evidence is insufficient to support the verdict. There is no conflict in the evidence as to the fact that defendant had the coat and vest in his possession, that he had taken them from the tailor-shop of one Harris, and that he had gone some distance from the building. It was about two or three o'clock in the morning, and a fire was destroying a jewelry-store adjoining the tailor-shop. Defendant's claim is, that he was taking the goods away so that they would not be destroyed by fire. The intention of the defendant was for the jury, and might be inferred from all the circumstances in the case. (*People* v. *Johnson*, 131 Cal. 514.) In this case there was no direct proof as to the intention of the defendant. He did not testify as to his intention in taking the goods, nor did he explain his possession of them.

The evidence supports the verdict, and there is no error in the record that would justify a reversal.

The judgment and order should be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.