[Crim. No. 666.    Second Appellate District, Division One.—July 29, 1919.]

## THE PEOPLE, Respondent, v. H. W. BROWN, Sr., Appellant.

[1] CRIMINAL LAW—ASSAULT—SUFFICIENCY OF INDICTMENT.—An indictment charging the defendant with the crime of assault by means and force likely to produce great bodily injury is sufficient where it shows the object with which the crime was committed, and states how or in what manner such object was used upon the person assaulted, which acts are charged to have been willfully, unlawfully, feloniously, and forcibly committed.

[2] ID. — DISMISSAL OF MISDEMEANOR CHARGE — NOT BAR TO PROSECUTION OF FELONY CHARGE.—The dismissal of a charge of battery in a justice's court on motion of the district attorney, after the return of an indictment against the defendant for battery accompanied by means and force likely to produce great bodily injury, does not constitute a bar to the later felony charge upon the indictment, although both charges were based upon the same acts.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Michael F. Shannon for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

SHAW, J.—Defendant by an indictment was charged with the crime of assault by means and force likely to produce great bodily injury, as provided in section 245 of the Penal Code. To this charge he entered three pleas: That of not guilty, once in jeopardy, and former acquittal. As to the two last pleas, the jury found for the people and rendered a verdict that defendant was guilty of an assault. Judgment followed, from which this appeal is prosecuted.

[1] The charge in the indictment is that defendant committed an assault by means and force likely to produce great bodily injury in "that the said H. W. Brown, Sr., . . . did willfully, unlawfully, feloniously and forcibly make an assault upon the person of one Henry West Brown, Jr., by means

and force likely to produce great bodily injury, in this, that he, the said H. W. Brown, Sr., did then and there whip, strike, beat, bruise and cut the said Henry West Brown, Jr., with a rawhide whip upon the naked body of him, the said Henry West Brown, Jr., which said whipping, striking, beating, bruising and cutting with said rawhide whip as aforesaid, upon the naked body of the said Henry West Brown, Jr., was likely to and did produce great bodily injury to and upon the said Henry West Brown, Jr.'' Appellant insists that the indictment is insufficient and hence the court erred in overruling his demurrer. In support of his contention he cites the case of *People* v. *Perales,* 141 Cal. 581, [75 Pac. 170]. In that case the charge was the commission of an assault ''by means likely to produce great bodily injury, to wit, with a heavy wooden stick,'' the use of which language was held to be insufficient, for the reason that it was not stated how or in what manner the heavy wooden stick was used. The court there said: ''The information should have specified the particular means used, which it is claimed constitute an offense within the general terms of the section''; and further held ''that the information shall contain a statement of the acts constituting the offense, and the particular circumstances of the offense charged, in such a manner as will enable a defendant to understand the nature of the accusation against him.'' In our opinion, the indictment fully complies with the rule announced in *People* v. *Perales, supra,* as to the required averment in such cases; indeed, it is difficult to perceive that in the instant case language could have been selected better adapted for the purpose of acquainting defendant with the charge of which he was accused. The allegations as to the force with which the rawhide whip was used, together with the particular circumstances of the offense, clearly distinguishes this case from the charge in the Perales case and brings it within the rule announced in that of *People* v. *Emmons,* 61 Cal. 487.

[2] It appears that before the indictment was returned against defendant a complaint, based upon the same assault, had been filed in the justice's court of Los Angeles Township, charging him with battery. After the return of the indictment, the complaint was, on motion of the district attorney, dismissed. Appellant contends that, since the

charge alleged in the complaint was based upon the same acts constituting the offense for which he was indicted, the dismissal of the misdemeanor in the justice's court constituted a bar to the prosecution of the felony charge upon the indictment. This contention is based upon section 1387 of the Penal Code, which provides: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor, . . . ; but an order for the dismissal of the action is not a bar if the offense is a felony." In the justice's court defendant by the complaint was charged merely with the commission of a misdemeanor, namely, that of battery. Hence, under the plain reading of the statute, the dismissal would have barred further prosecution upon a new charge for the commission of such misdemeanor. But the indictment charged a felony and, though based upon the acts which constituted the battery, other facts were alleged in connection therewith which made the offense a felony, in the prosecution for which it is expressly provided by the statute that such dismissal shall not constitute a bar to the prosecution of defendant for the felony charge. Not only, to our minds, is the statute perfectly clear, but the interpretation given is sustained by the opinion in the case of *People* v. *Smith*, 143 Cal. 597, [77 Pac. 449], where defendant was charged upon a complaint filed in a justice's court with petty larceny, which action was dismissed and defendant indicted for petty larceny and a prior conviction of burglary, constituting a felony, and it was there held that the dismissal of the charge of petty larceny on motion of the district attorney for the purpose of charging a felony for the same offense against the same defendant based upon a prior conviction of burglary does not operate as a former acquittal or constitute jeopardy within the meaning of the statute. As said in the case cited: "It was never intended that the dismissal should be a bar to a prosecution for a felony. The defendant has never been in jeopardy for the felony, if the act charged against him be a felony." By reason of defendant in that case having, prior to committing the crime of petty larceny, been convicted of burglary, the commission of petty larceny made the latter crime a felony. So here, by reason of the battery being accompanied by means and force likely to produce great bodily injury, the

acts constituted a felony for which defendant was subject to prosecution.

Since the statute not only in its terms, but as interpreted by the supreme court in *People* v. *Smith, supra,* is perfectly clear, it is unnecessary to review authorities cited by defendant, in support of his contention, from other jurisdictions.

We find no merit in the points urged for a reversal. The judgment is affirmed.

Conrey, P. J., and James, J., concurred.