[Crim. No. 935. First Appellate District, Division Two.—December 14, 1920.]

THE PEOPLE, Respondent, v. CARLOS SAENZ, Appellant.

[1] CRIMINAL LAW—MURDER — DISMISSAL OF INFORMATION — CONVICTION UPON SECOND INFORMATION—APPEAL—PRESUMPTION.—Where an information charging murder in the second degree is dismissed, but the proceedings under that information are not before the appellate court on the appeal by the defendant from a judgment of conviction upon an information subsequently filed, and in which he was charged with murder in the first degree, the appellate court must assume that the order dismissing the first information was in all respects as required by section 1385 of the Penal Code.

[2] ID.—EVIDENCE—PICTURE OF DECEASED—ADMISSIBILITY OF.—In a prosecution for murder in the first degree, it is not error to

---

2. Photographs as evidence, notes, 75 **Am. St. Rep.** 468; 114 **Am. St. Rep.** 437.

admit in evidence a picture of the deceased taken at the morgue, and which shows numerous cuts and bruises upon the head and face, for the purpose of illustrating and corroborating the testimony of a witness as to the manner and form of the assault committed by the defendant and for aid in comprehending the testimony of the physician who examined the body of the deceased.

[3] ID.—INABILITY OF WITNESS TO ATTEND—REFUSAL OF BENCH-WARRANT.—In such a prosecution, upon its being shown by the testimony of the sheriff who served the subpoena that a certain witness for the defendant was in bed sick and physically unable to be present at the trial, the court does not commit error in refusing to direct that a bench-warrant issue to compel the attendance of said witness, the court stating at the time that affidavits might be prepared by defendant's counsel embodying the testimony which he expected to prove by said witness and that such affidavits might be grounds for a continuance, but such affidavits are not prepared.

[4] ID.—INABILITY OF COUNSEL FOR DEFENDANT TO BE PRESENT—CONTINUANCE NOT REQUESTED — APPOINTMENT OF OTHER COUNSEL. — Where the trial of a defendant charged with murder is set for a day certain and on that day, no request for a continuance having theretofore been made, the witnesses for the prosecution are present and the district attorney is ready to proceed, but defendant's counsel is sick in bed and physically unable to be present, the trial judge is warranted in appointing an attorney who had theretofore appeared for the defendant at other proceedings in the case then and there to represent the defendant.

[5] ID.—CONFESSION — VOLUNTARY CHARACTER OF — CONFLICTING INFERENCES.—In such a prosecution, where, although conflicting inferences might be drawn from the testimony regarding the reasons for the making of the confession by the defendant, there is sufficient evidence to justify the conclusion that the confession was made voluntarily by the defendant and without the promise of any immunity, evidence of such confession is properly admitted.

[6] ID.—MISCONDUCT OF DISTRICT ATTORNEY—REFERENCE TO LETTER EXCLUDED FROM EVIDENCE—ADMONITORY INSTRUCTION — LACK OF PREJUDICE.—In such a prosecution, the reference by the district attorney in his argument to the jury to a letter written by the defendant to his brother in which he admitted the crime charged, which letter had been ruled out by the court, though unquestionably improper, does not result in a miscarriage of justice, where the court, upon the defendant's objection, directs that all reference to the letter be withdrawn and that the jury disregard it.

4. Absence of counsel as ground for continuance of trial, note, Ann. Cas. 1913C, 431.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Richard K. Stewart for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal from a judgment of conviction of murder in the first degree, for which the defendant was sentenced to imprisonment in the state prison for life.

The first error assigned by the appellant is that the trial court erred in refusing to grant his motion to dismiss the information against him, filed on April 10th, charging him with murder in the first degree (upon which information defendant was tried), upon the ground that a former information filed herein on the thirteenth day of January, 1920, charging him with murder in the second degree had been dismissed by the court on March 2, 1920.

[1] The proceedings under the first information are not before this court upon appeal; they have not been made a part of the record. Under the well-recognized rule that all presumptions are in favor of the regularity and correctness of the action of the trial court, we must assume that this order dismissing the former information was in all respects as required by section 1385 of the Penal Code. The case of *People* v. *Disperati,* 11 Cal. App. 469, [105 Pac. 617], cited by the defendant in his argument before the trial court, does not aid the appellant here. It is true that that case states that the order of the trial court did not recite the reasons upon which it was based; that the record shows the grounds upon which the motion to dismiss was made by the district attorney, but nothing in the order shows that these grounds were, or any of them was, the basis for the action of the court.

The appellant has stated in his brief that the motion was made in the present case by the district attorney upon the ground that he desired to charge the defendant with murder in the first degree, and therefore desired that the informa-

tion for a lesser crime, growing out of the same offense, be dismissed. Appellant has also stated that the reasons for dismissing the information were not given in the order of the court. The statements in the brief are, of course, no part of the record, and we are not at liberty to assume that the order of the trial court did not specify the grounds of the dismissal. It is provided (sec. 1387, Pen. Code) that an order for the dismissal of an action is not a bar to a prosecution for the same offense if the offense is a felony. (See, also, *People* v. *Schmidt*, 64 Cal. 263, [30 Pac. 814]; *People* v. *Campbell*, 59 Cal. 243; *People* v. *Breen*, 130 Cal. 72, [62 Pac. 408]; *People* v. *Smith*, 143 Cal. 597, [77 Pac. 449].) The order of dismissal was made, according to appellant's statement, before the impaneling of the jury, and the defendant at that time had not been placed in jeopardy under the first information.

[2] Another objection urged is that error was committed by the trial court in admitting into evidence a picture of the deceased taken at the morgue, which picture shows numerous cuts and bruises upon the head and face. It is contended by appellant that this picture was prejudicial to the defendant because of its appeal to the emotions of the jury and that there was no justification for its admission. There existed in the present case the same reasons for the introduction of the photograph as existed in the case of *People* v. *Balestieri*, 23 Cal. App. 708, [139 Pac. 821], in which the admission of a photograph of the mutilated head of the deceased was upheld by division one of this court, and a hearing by the supreme court was denied. It was stated in the Balestieri case that the picture served to illustrate the testimony of a witness as to the manner and form of the assault of the defendant upon deceased, and also served to illustrate and clarify the testimony of the autopsy physician with reference to the character of the wounds and the causes of death. In the present case precisely the same situation exists. The principal witness for the people, Christobal Jaquez, described the events leading up to the death of the deceased, and stated that the defendant had struck deceased three times with a chisel after he had fallen to the floor from the first blow inflicted by the defendant. This picture served, at least, to corroborate his testimony in

so far as the actual infliction of the number and character of the blows was concerned, their location, etc. It was also of aid in comprehending the testimony of the physician who examined the body of the deceased. The fact that it was a gruesome object to bring to the attention of the jury is no argument against its admission for, as stated in the Balestieri case, if the rule were otherwise, then the more horrible a murder the more hampered would be the prosecution of those who had contributed the details of its horror. There is also a further argument for the admissibility of this picture arising from the fact that there was some question of identification involved, which arose by reason of the fact that deceased was a Japanese and was known to some of the witnesses as T. Shibata, but was known to one witness, a Chinaman, only by the name of Ah Chee. This witness testified that he had found the body of Ah Chee in the truck, but also testified that he did not know T. Shibata.

The defendant further objected to the action of the trial court upon the following facts: When the case was called for trial, no counsel appeared for the defendant and the court directed the sheriff to bring into court Richard K. Stewart, who, the court stated, had been the only attorney appearing in the proceedings had in the case in the superior court. Mr. Stewart was brought into court and protested that he was not the counsel for the defendant, and that one Brickley had been retained as such, and that any action which had been taken by Mr. Stewart in the case was merely for the accommodation of Mr. Brickley. The court stated that Mr. Stewart was the only attorney which the court had recognized in the proceedings before it, and that as Mr. Brickley was not present, the court would call upon Mr. Stewart to proceed with the case. Mr. Stewart then desired a continuance, to which the district attorney objected, for the reason that a number of witnesses had been brought from Coalinga to Fresno where the trial was had, and that the trial had been set for that day and no continuance had been asked. Upon the insistence of Mr. Stewart, a short continuance was granted, within which it was agreed that Mr. Stewart would proceed to the ranch where Mr. Brickley was at the time, accompanied by the sheriff, and would bring Mr. Brickley into court by 11:15 o'clock; upon the understanding, however, that if Mr. Brickley was not present

at that time, the trial would proceed without him. At the appointed time, the case was called and the record shows that Mr. Stewart answered that the defendant was ready, without further objection. Mr. Brickley was not produced.

[3] At the close of the plaintiff's case, counsel for defendant asked that a bench warrant issue for Mr. Brickley to bring him into court for failure to obey a subpoena which had been regularly served. It was stated at that time that he was required as a witness for the defendant. The sheriff was then sworn and testified that he had served the subpoena upon Mr. Brickley at 10 o'clock on the morning of that day, and had found him in bed, apparently so ill that he was unable to stand upon his feet. The sheriff testified that Mr. Brickley could not sit up and was unable to raise himself in his bed to speak with him. The court said that, under the circumstances, it would withhold from the hands of the sheriff the attachment ordered issued, and that affidavits might be prepared by defendant's counsel embodying the testimony which he expected to prove by the. said Brickley, and that such affidavits might be ground for a continuance. The affidavits were evidently not prepared and do not appear in the record. Under these circumstances, we see no error in the action of the trial court, and we do not think the defendant was deprived of any substantial right in being denied the process of the court to compel the attendance of this witness.

[4] As to the other question so strongly urged in connection with the absence of Mr. Brickley, i. e., that the defendant was deprived of the aid of counsel of his own choosing, we think it is also without merit. Admitting that Henry Brickley was the counsel for the defendant, the case had been set for trial for a day certain and Mr. Stewart had appeared for the defendant at other proceedings in the superior court in connection with this case. Mr. Brickley did not, and could not, according to the testimony of the sheriff, appear at the date set for trial. Mr. Stewart, however, was before the court at that time. The court was warranted, under the circumstances, in appointing counsel then and there to represent the defendant. (*People* v. *Russell,* 156 Cal. 450, [105 Pac. 416].) The language of the last-cited case seems quite pertinent to the case at bar. It was said: "On October 29, 1907, the case was set for trial

on December 30, 1907, the defendant personally requesting that it be set for some time in December. At the time so fixed the case was called. Defendant said he was not ready for trial because his attorney was not present, but was in Seattle, where he had·been trying a case for some weeks. This attorney had represented defendant up to this point. No continuance had previously been requested, or any intimation made that one would be asked by defendant, and a jury was present for the trial, as well as the prosecution and its witnesses. There was nothing, according to the showing made, to warrant the assumption that the case would not be tried at the time set. The trial court was not required to indefinitely wait for the return of defendant's counsel before proceeding with the trial. . . . The trial court stated to the defendant that he would appoint counsel for him, but defendant practically declined to avail himself of this offer, insisting that his original attorney should be present, and he subsequently conducted his own defense. . . . Defendant cannot now complain that he was not represented by counsel, that fact being due entirely to the further fact that he declined to accept the offer of the court in regard thereto.''

Upon the contention of counsel for defendant that the case could have been conducted more ably by Mr. Brickley, the record speaks for itself, and it plainly shows that the case was very carefully tried for the defendant; that every objection was made and saved and the entire matter handled in all respects in a manner most creditable to the attorney and most advantageous to the defendant. There is absolutely nothing in the record to indicate that the defendant was in any way prejudiced by the fact that the case was conducted on his behalf by the attorney who represents him here upon appeal.

[5] There is urged further on behalf of the defendant the objection that evidence of his confession to the sheriff should not have been introduced against him because it appears that it was obtained under a promise of immunity. The most that can be said for defendant upon this point is that conflicting inferences might be drawn from the testimony regarding the reasons for the making of the confession by the defendant, but we are convinced that there was sufficient evidence to justify the conclusion of the court that the

confession was made voluntarily by the defendant and without the promise of any immunity. The testimony regarding the statements made to the defendant by the officers at the time of his confession is very similar to that set out in the opinion in the case of *People* v. *Haney,* 46 Cal. App. 317, [189 Pac. 338], and the court was entitled to accept this testimony, as against a different account of the matter given by the defendant, and conclude thereupon that the confession was a voluntary one, and, as such, entitled to be admitted in evidence.

[6] The last error urged by the defendant is in reference to the conduct of the district attorney in referring in his argument to the jury to a letter written by the defendant to his brother in which he admitted the crime charged, which letter had been ruled out by the court. This was unquestionably improper. The court, however, upon the defendant's objection, directed that all reference to the letter be withdrawn and the jury instructed to disregard it. It will be presumed that the jury heeded this admonition of the court, most especially in view of the entire record, which clearly discloses the participation of the defendant in the commission of a most heinous crime. Under such circumstances, there has been no miscarriage of justice in the verdict of the jury and judgment of the court, and prejudice is not presumed from error since the enactment of section 4½ of article VI of our constitution.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.