## UNITED STATES v. JONES.

First Division. Juneau. January 9, 1926.

No. 1826–B.

**Criminal Law ☞178—Plea in Bar.**

The defendant was arrested for assault and battery on one Magill on December 5, 1925, and on appearance for trial before a justice of the peace pleaded not guilty. The district attorney moved to dismiss the case for want of prosecution, and the case was dismissed. Thereafter the defendant was indicted for the same offense. On arraignment in the district court, defendant entered a plea in bar, based on his dismissal in the justice court. *Held*, that the dismissals provided for in chapter 29, Compiled Laws of Alaska 1913, refer only to dismissals in the district court, after indictment, and the bar mentioned in section 2372 refers only to dismissals made as provided in that chapter; plea overruled.

The defendant, T. A. Jones, was indicted on December 15, 1925, by the grand jury of this division for the crime of assault and battery, alleged to have been committed on December 5, 1925, at Juneau, Alaska, on one Fred Magill.

The defendant was duly arraigned before the court, and entered a plea in bar, alleging that on December 5, 1925, a complaint was filed before the United States commissioner and ex officio justice of the peace of Juneau precinct, wherein and whereby the defendant Jones, under the name of "Tom Jones," was accused by J. H. Hart, assistant United States attorney,

with the crime of assault and battery committed on December 5, 1925, upon the person of Fred Magill; and thereupon a warrant was issued by the commissioner and ex officio justice aforesaid to the United States marshal for the arrest of the defendant, and for his appearance before the said justice to answer the charge; that said warrant was duly served, and defendant was brought before the justice and released on bail; that on December 10, 1925, the defendant appeared before the justice and entered a plea of not guilty, and, upon the motion of the United States attorney, the trial was continued until December 11; that on the last-named day the defendant appeared with his attorneys for trial, and that thereupon the United States attorney announced that he was unable to proceed with the trial of said case and moved for dismissal of said action for want of prosecution, and thereupon the justice aforesaid entered a judgment of dismissal of said action for want of prosecution; thereafter, on December 15th, the grand jury indicted the defendant for the crime of assault and battery as set forth in the indictment herein; that the said Tom Jones, defendant in the criminal action before the justice court, and the defendant T. A. Jones, accused by the indictment herein, is one and the same individual, and the crime charged in the action before the justice court and that charged in the indictment is one and the same charge, and is a misdemeanor only.

It is further alleged that the criminal charge in the justice court was dismissed under chapter 29, title 15, Compiled Laws of Alaska 1913, and the indictment is barred under the provisions of section 2372 of said chapter of the Compiled Laws 1913.

To this plea in bar the district attorney interposed a general demurrer.

A. G. Shoup, U. S. Atty., of San Jose, Cal.
James Wickersham, of Juneau, for defendant.

REED, District Judge. The plea is very elaborate, and drawn with great care; and clearly sets forth in detail the various steps in the criminal case before the justice, and raises the question whether a dismissal of a criminal action in the justice court, of a charge which is a misdemeanor only, is a bar to a prosecution by indictment by the grand jury subsequently for the same misdemeanor under our statute.

Chapter 29, title 15, Compiled Laws of Alaska 1913, provides for dismissal of action for want of prosecution or otherwise, and covers sections 2366 to 2372.

Section 2366 provides for dismissal when a person has been held to answer and indictment not found.

Section 2367 provides for dismissal after indictment found and trial not had at next subsequent term of court.

Section 2368 provides for continuance of cause and admission to bail in case an indictment was not found or trial not had.

Section 2369 provides for release from custody or return of bail on dismissal of the charge.

Section 2370 provides that the court may on its own motion or on the application of the district attorney, and in furtherance of justice, order an action after indictment to be dismissed, but in that case the reasons for the dismissal must be set forth in the order, which must be entered in the journal.

Section 2371 provides that the entry of nolle prosequi is abolished, and the district attorney cannot discontinue or abandon a prosecution for a crime, except as provided in the last section.

Section 2372 provides that an order for the dismissal of a charge or action as provided in this chapter is a bar to another prosecution for the same crime, if it be a misdemeanor; but it is not a bar if the crime charged be a felony.

It is urged by the defendant, as it is admitted by the demurrer, that the crime charged in the justice court and in the indictment is one and the same, and a misdemeanor only under section 2372, the demurrer must be overruled. On the part of the prosecution the claim is made that the section applies only to dismissals of actions after indictment in the district court, and not to dismissals of actions in the justice court initiated by filing a complaint and before trial had.

I have carefully considered the plea in view of our statute, and am of the opinion that section 2372, Compiled Laws, does not apply to the facts in the present case.

Section 2370 provides for dismissal of an action after an indictment is found, and that the reasons for dismissal "must be entered in the journal." This section, then, must refer to dismissals in the district court, and as no criminal case can be initiated in the district court, except by indictment, the only dismissal of an action brought in that court must be

after indictment is found. All the other sections of the chapter also clearly show that the chapter applies only to proceedings before the district court.

Counsel for defendant cites the case of People v. Brown, 42 Cal. App. 462, 183 P. 829, a decision of the District Court of Appeal of California, First Division, in favor of defendant's contention. In this case a statute similar to section 2372 of our Compiled Laws was under consideration on a plea in bar to an indictment for a felony by a grand jury, based on the same assault on which a complaint had been filed and dismissed in the justice court. The court, in overruling the plea, said:

"In the justices' court, defendant by the complaint was charged merely with the commission of a misdemeanor, namely, that of battery. Hence, under the plain reading of the statute, the dismissal would have barred further prosecution upon a new charge for the commission of such misdemeanor. But the indictment charged a felony, * * *" and therefore was no bar.

The statement quoted by the learned court is a mere dictum, and, while it may be the law of California, it does not apply in this jurisdiction, because of the difference in the statutes.

Section 1384 of the Penal Code of California, in reference to dismissals, corresponds to section 2370 of our Compiled Laws, and provides that the court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. Our statute provides only for dismissal after indictment. Under the California statute a dismissal in furtherance of justice is provided for at any time by any court; and in our statute only after indictment.

I am of the opinion, therefore, that while the California statute may well uphold the statement of the court in People v. Brown, ours would not uphold such statement. It is my opinion, in view of the whole statute, that the dismissals provided for in chapter 29, Compiled Laws 1913, refer only to dismissals in the district court, and that the bar mentioned in section 2372 refers only to dismissals made as provided in that chapter.

While the practice of initiating a criminal action in one court having jurisdiction, and dismissing it, and thereafter bringing the action in another court of concurrent jurisdiction for the

same crime, is strongly to be condemned; yet there may be cases where the lack of evidence, or defect in the complaint, or other similar causes, would influence the prosecution to dismiss a criminal case pending before the justice court. To say that such dismissal before trial would be a bar to other prosecution before the district court upon an indictment found by the grand jury, perhaps upon competent testimony, would not in my judgment be a good precedent to establish, and was not the intention of the Legislature in making such enactment.

The demurrer to the plea in bar will be sustained.