SHAW, P. J.
 

 A complaint containing three counts was filed in the police court, the charging portion of count I thereof reading as follows: “That on the 27th da.y of June, 1936, at and in the City of Santa Monica, in the County of Los Angeles, State of California, the crime of violation of see. 49 of the Act 591 General Laws of California, a misdemeanor was committed by WILLIAM C. RING, also known as W. C. RING.
 

 “COUNT I
 

 “Who at the time and place last aforesaid, did wilfully and unlawfully while not a member of the State Bar of California, practice law in that he did give legal advice and accept a fee therefor in the sum of Fifty Dollars ($50.00).” The complaint contained also eoufits II and III, but the proceedings on them are not now in question, and they need not be copied here.
 

 The défendant, at the time of his arraignment, made a written motion to dismiss each count of the complaint on the ground that it stated no public offense, and the police court granted this motion as to counts I and III only, without any trial. From this order the appeal is taken, but the appeal has been heretofore dismissed as to count III, at appellant’s request. No question is raised, and we think none
 
 *Supp. 770
 
 can be, as to the appealable nature of this order. Section 1466 of the Penal Code expressly provides that the people may appeal “from an order or judgment dismissing or otherwise terminating the action without a trial”.
 
 (People
 
 v
 
 Matiasevich,
 
 (1936) 12 Cal. App. (2d) (Supp.) 750, 760 [55 Pac. (2d) 942].) While the order did not dismiss all three counts, it did dismiss the action as to two counts thereof, and thus terminated the action, as far as the offenses charged in those counts are concerned, so effectually that no further prosecution therefor can be maintained while such order stands. (Pen. Code, secs. 1385, 1387;
 
 People
 
 v.
 
 Smith,
 
 (1904) 143 Cal. 597, 599 [77 Pac. 449].) Under such circumstances the right of appeal is given the People. The language above quoted from section 1466 must be construed distributively as to each count in a complaint, where it contains more than one, there being in legal effect as many actions as there are counts.
 

 As will be noted from the language of the complaint above quoted, count I is based upon section 49 of the State Bar Act (Stats. 1927, pp. 38, 45; Deering’s Gen. Laws, Act 591, sec. 49), which reads as follows: “Any person who, not being an active member of the state bar, or who aftér he has been disbarred or while suspended from membership in the state bar, as by this act provided, shall practice law, shall be guilty of a misdemeanor.” The principal attack aimed at the complaint is that this section of the statute is too vague and uncertain to form the basis of a criminal prosecution and is therefore void; and the supporting argument is that the statute nowhere defines the practice of law, and thus the persons on whom the statute is to operate are left in the dark as to what acts are declared unlawful. The State Bar Act created a public, corporation to be known as “The State Bar of California”, decreed that all persons at its date “entitled to practice law in this state” and all persons thereafter “admitted to practice” should be members of this corporation, provided for two classes of membership, designated as “active” and “inactive or retired”, committed to the corporation general charge of proceedings for admitting persons “to practice law” and for disbarring and otherwise disciplining its members (with supervisory powers in the Supreme Court, the extent and nature of which we do not undertake to state), and provided in section 47 that “no person shall practice law in this state subsequent to the first meeting of the state bar unless he shall be an active member thereof as hereinbefore defined”.
 
 *Supp. 771
 
 Section 47, while indicating the intent of the act, does not prescribe any penalty for unlawful practice, that being done in section 49, already quoted. Nowhere in the act is there a definition of the term “practice law”, although that term is used several times therein. In fact, it is used so often and in such vital parts of the act, that if this term is too uncertain to be the basis of legislation, it would seem the whole act must fall. The act has been many times upheld, but this particular question has not been raised in any of the decisions. (See
 
 State Bar
 
 v.
 
 Superior Court,
 
 (1929) 207 Cal. 323 [278 Pac. 432], and other cases cited in 9 Cal. Jur. Ten-year Supp. 340-342.)
 

 But we think no lethal uncertainty inheres in the words “practice law”, as used in the statute in question. Prior to the enactment of the statute, the Supreme Court had occasion to consider the meaning of those words in
 
 People
 
 v.
 
 Merchants Protective Corp.,
 
 (1922) 189 Cal. 531, 534, 535 [209 Pac. 363], where it was held that a corporation may not rightfully practice law and that the defendant corporation was doing so, and a judgment excluding it from such practice was affirmed. The court there said: “The phrase ‘practicing law’ or its equivalent, ‘the practice of law’, has long had a sufficiently definite meaning throughout this country to be given a place in both constitutional and statutory law without further definition.” After referring to several provisions of Constitution or statute, the court further said: “While these provisions have particular relation to the practice of the law in courts of justice, the term has not been generally thus confined. In the case of
 
 Eley
 
 v.
 
 Miller,
 
 7 Ind. App. 529 [34 N. E. 836], which involved the violation of a statute prohibiting county auditors from practicing law, the court said ‘as the term is generally understood, the practice of the law is the doing and performing services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure. But in a larger sense it includes legal advice and counsel and the preparation of legal instruments and contracts by which legal •rights are secured although such matter may or may not be depending in a court.’ ” This case was followed in
 
 People
 
 v.
 
 California Protective Corp.,
 
 (1926) 76 Cal. App. 354, 359 [244 Pac. 1089, 1091], which was a proceeding of the same kind, resulting in a like decision that the defendant was unlawfully practicing law, the court referring to the .term
 
 *Supp. 772
 
 “practice of law” as being “generally understood alike by judges, lawyers, and laymen”. With these two decisions before it, the legislature adopted the State Bar Act in 1927 and used the term “practice law” without defining it. The conclusion is obvious and inescapable that in so doing it accepted both the definition already judicially supplied for the term and the declaration of the Supreme Court that it had a sufficiently definite meaning to need no further definition. The definition above quoted from
 
 People
 
 v.
 
 Merchants Protective Gorp.
 
 has been approved and accepted in the subsequent California decisions (see
 
 State Bar
 
 v.
 
 Superior Court,
 
 (1929) 207 Cal. 323, 334, 335 [278 Pac. 432] ;
 
 Smallberg
 
 v.
 
 State Bar,
 
 (1931) 212 Cal. 113, 119 [297 Pac. 916] ;
 
 Cohn
 
 v.
 
 Thompson,
 
 (1932) 128 Cal. App. (Supp.) 783, 788 [16 Pac. (2d) 364] ;
 
 Bagg
 
 v.
 
 Wickizer,
 
 (1935) 9 Cal. App. (2d) 753, 756 [50 Pac. (2d) 1047];
 
 Gray
 
 v.
 
 Justice’s Court,
 
 (1937) 18 Cal. App. (2d) 420 [63 Pac. (2d) 1160]), and must be regarded as definitely establishing, for the jurisprudence of this state, the meaning of the term “practice law”. As so defined, that term is sufficiently certain for use in a penal statute.
 
 (Pacific Coast Dairy
 
 v.
 
 Police Court,
 
 (1932) 214 Cal. 668, 676, 677 [8 Pac. (2d) 140, 80 A. L. R. 1217].) Words used in creating a statutory crime do not fail of such certainty merely because the offense, when viewed through them, may not have all the precision in outline of a geometrical figure; if the main and central part of the field of view is clear, some slight lack of definition around its outer edges is not fatal. 1 ‘ General terms may be used in a statute to describe things according to the common understanding of such terms.”
 
 (People
 
 v.
 
 Lavine,
 
 (1931) 115 Cal. App. 289, 295 [1 Pac. (2d) 496].)
 

 It is therefore unnecessary to resort to the decisions in other jurisdictions on the point. We note, however, that substantially equivalent definitions of the term may be found in many decisions rendered elsewhere. See authorities cited in
 
 People
 
 v.
 
 Merchants Protective Corp., supra,
 
 (1922) 189 Cal. 535, 536;
 
 In re Eastern Idaho L. & Tr. Co.,
 
 (1930) 49 Ida. 280 [288 Pac. 157, 73 A. L. R. 1323], and cases cited' in note in 73 A. L. R., at pp. 1331-1336;
 
 Ferris
 
 v.
 
 Snively,
 
 (1933) 172 Wash. 167 [19 Pac. (2d) 942, 90 A. L. R. 278, 283, 284];
 
 Fitchette
 
 v.
 
 Taylor,
 
 (1935) 191 Minn. 582 [254 N. W. 910, 94 A. L. R. 356, 358];
 
 Rhode Island Bar Assn.
 
 v.
 
 Automobile Service Assn.,
 
 (1935) 55 R. I. 122 [179 Atl.
 
 *Supp. 773
 
 139, 100 A. L. R. 226, 233];
 
 In re Maclub of America,
 
 (1936) - Mass. - [3 N. E. (2d) 272, 105 A. L. R. 1360], and note 105 A. L. R. 1366-1368; 49 Cor. Jur. 1313; 2 R. C. L. 938.
 

 Respondent also objects to the complaint on the ground that it alleges one act only and does not allege that this act was done as a part of a business. The statute, however, denounces the practice of law without expressly requiring that it be done as a business in order to constitute the offense. In that respect it differs from the New York statute considered in
 
 People
 
 v.
 
 Alfani,
 
 (1919) 227 N. Y. 334, 339 [125 N. E. 671], which made it unlawful for an unlicensed person “to make it a business to practice as an attorney-at-law”, and regarding which the court said: “The legislature is presumed to have used the words as persons generally would understand them, and not being technical or scientific terms ‘to practice as an attorney-at-law’ means to do the work, as a business, which is commonly and usually done by lawyers here in this country.” On this appeal we need not decide whether any similar meaning is implicit in the word “practice”, or whether there are acts connected with the practice of law of such doubtful character that the mere doing of one of them on a single occasion would not amount to the practice of law, for if these questions were resolved in favor of respondent the complaint here would still be sufficient. It alleges that the defendant “did . . . practice law”. What follows, introduced by the words “in that”, is a specification of the particulars of such practice, doubtless put there to avoid the' objection that the complaint was too general in its charge, and does not detract from the force of the allegation that what was done was the practice of law. Moreover, the act charged, the giving of legal advice for a fee, would constitute the practice of law though done but once. The receipt of the fee would stamp the transaction as one of a business nature. The complaint is sufficient to withstand the attack made on it.
 

 The order dismissing count I of the complaint is reversed and the police court is directed to deny defendant’s motion to dismiss said count, and thereupon to proceed on the complaint as may be provided by law.
 

 Schauer, J., and Shinn, J.,
 
 pro tern.,
 
 concurred.