[Crim. No. 2313.   Third Dist.   Dec. 26, 1951.]

THE PEOPLE, Appellant, v. RUSSELL ANDREW AIKEN, Respondent.

[black redaction bars]

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Appellant.

Daniel S. Carlton for Respondent.

PEEK, J.—This is an appeal by the prosecution from an order of the Superior Court of Shasta County setting aside an information and dismissing an action against the respondent arising out of an alleged violation of section 502 of the Vehicle Code.

On May 12, 1951, a complaint was filed in the Justice's Court of Township Number Four, County of Shasta, charging respondent with a violation of section 502 of the Vehicle Code, said violation having occurred in said county on May 11, 1951. On May 15, 1951, a second complaint was filed in the same justice's court charging respondent with the same violation of section 502 of the Vehicle Code, and in addition charging him with a prior conviction for the violation of the said section, thereby making the offense a high grade misdemeanor. On May 16, 1951, the justice's court dismissed the first complaint, its order reading as follows: ''On account of the filing of another action this action is dismissed (see No.F. _ 126 this court). Bail posted hereunder is transferred to case No.F. _ 126.'' At the hearing in the justice's court on the second complaint, counsel for respondent moved to dismiss the action under the provisions of section 1387 of the Penal Code, which motion was denied. The hearing then proceeded and at the conclusion thereof defendant was bound over to the superior court. A like motion was filed in the superior court and after a hearing thereon the motion was granted and the complaint was dismissed.

The basis for the order was that the dismissal of the first complaint, which charged only a low grade misdemeanor, operated as a bar to any further proceeding for the same offense under the provisions of sections 1385 and 1387 of the Penal Code.

Two questions are now presented to this court. However, since it appears that the first—whether or not the dismissal was proper under section 1387 of the Penal Code—must be answered in the affirmative it is unnecessary to discuss the second question raised by the State.

Section 1385 provides as follows: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

Section 1387 provides as follows: "An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor, unless such order is explicitly made for the purpose of amending the complaint in such action, in which instance such order for dismissal of the action shall not act as a bar to a prosecution upon such amended complaint; but an order for the dismissal of the action is not a bar if the offense is a felony."

There can be no question, and in fact the parties have so stipulated, that the two actions here considered were based on the same offense, that offense being the driving of a vehicle while intoxicated. Nor can there be any question that the prior conviction charged in the second complaint served only to increase the penalty which might be imposed. Likewise it is clear that both actions involved a misdemeanor, the second being a high grade misdemeanor outside the jurisdiction of a Class B justice court. It follows, then, under section 1387, that the dismissal under section 1385 is a bar to any other prosecution for the same offense, unless it may be said that "such order [was] explicitly made for the purpose of amending the complaint." (*People* v. *Smith,* 143 Cal. 597 [77 P. 449]; *Donati* v *Righetti,* 9 Cal.App. 45 [97 P. 1128]; *People* v. *Brown,* 42 Cal.App. 462, 464 [183 P. 829].) However, as the order "explicitly" states it was made because "of the filing of another action" obviously it cannot be said to have been made "explicitly" for the purpose of amending the original complaint.

■ Appellant further contends that section 1387 applies only to dismissals under section 1382 and in support thereof relies upon *People* v. *Hrjak,* 85 Cal.App. 301 [259 P. 353] and *People* v. *Zadro,* 20 Cal.App.2d 320 [66 P.2d 1204]. However, we are of the opinion that section 1387 applies equally to dismissals under section 1385. In *People* v. *Brown, supra,* although the opinion therein does not expressly state that the dismissal was pursuant to section 1385, it appears safe to so assume, since the dismissal was on the motion of the prosecution following the return of an indictment for a felony based on the same assault, the court stated, "Hence,

under the plain reading of the statute, the dismissal would have barred further prosecution upon a new charge for the commission of such misdemeanor." (See, also, *People* v. *Smith, supra*; *People* v. *Banat*, 39 Cal.App.2d Supp. 765 [100 P.2d 374], and *People* v. *Ring*, 26 Cal.App.2d Supp. 768 [70 P.2d 281].)

The order is affirmed.

Adams, P. J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 24, 1952. Edmonds, J., and Spence, J., were of the opinion that the petition should be granted.