[Civ. No. 15605.  First Dist., Div. Two.,  Sept. 15, 1953.]

ARTHUR V. HYVARI, Appellant, v. THE MUNICIPAL COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Walter H. Duane for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Leo J. Vander Lans, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Petitioner sought a writ of prohibition to prevent his trial on a complaint charging a violation of section 647-a(1) of the Penal Code—annoying children under the age of 18, and vagrancy.  Prior to the filing of the complaint the defendant had been charged with a violation of section 311 of the Penal Code—unlawful and lewd exposure. Before being tried on this charge, but after the filing of the complaint in the second charge, the district attorney moved for the dismissal of the charge under section 311.  This motion was granted.

The single ground raised by appellant presents an issue wholly outside the record.  His question reads: "Where a person is charged with the crime of misdemeanor and the case thereafter dismissed and the defendant is discharged, may he thereafter be accused and prosecuted for an included crime of misdemeanor arising out of the original offense?"

The record here contains the pleadings and states that the matter was argued. It does not appear that any evidence was taken. How, then, can it be said that the second complaint related to ''an included crime of misdemeanor arising out of the original offense?''

But on the merits the appeal is without substance. Though it was stipulated that the two charges arose out of the same ''incident,'' that does not mean that two offenses were not committed. *People* v. *Aiken,* 108 Cal.App.2d 343 [238 P.2d 1019], has no application. There it was stipulated that both complaints were based on the same offense.

The controlling rule here is found in *People* v. *Coltrin,* 5 Cal.2d 649, 660 [55 P.2d 1161], where the court said: ''[W]here the two offenses are entirely separate and distinct and the one is not necessarily included in the other, a prosecution for the one is no bar to a prosecution for the other even though the same testimony may be applicable to both.''

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.