THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GEORGINA MALDONADO TORRES, Defendant and Appellant.

No. 15660. Argued November 1, 1954.—Decided December 17, 1954.

*Héctor Lugo Bougal* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Acting Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On December 22, 1952, a prosecuting attorney filed an information against Georgina Maldonado Torres, charging her with the crime of attempt to kill. However, that information was dismissed on the ground that it was not filed within 60 days following arrest.[1] On January 19, 1953, the prosecuting attorney filed a new information charging the same offense.

After the corresponding trial was held, the jury which heard the case rendered a verdict finding the accused guilty of aggravated assault and battery. Before sentence was passed, she filed "a motion in arrest of judgment" which was denied. Feeling aggrieved, she appealed to this Court. The only error assigned on appeal is that the trial court erred in denying her motion, alleging that, since the criminal cause against her had been previously dismissed and a verdict of misdemeanor rendered, the court was without jurisdiction to render judgment against her.

Section 452 of the Code of Criminal Procedure, invoked by the prosecuting attorney in the new information for attempt to kill, which is a felony, provides as follows:

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

---

[1] Section 448 of the Code of Criminal Procedure provides in part that:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

". . . . . . . ."

The case of *People* v. *Álvarez*, 57 P.R.R. 755, is identical with the case at bar as respects the facts therein involved. According to the opinion rendered in that case, Álvarez was charged with two crimes of attempt to kill, but since the informations were filed after the expiration of 60 days from the time of his arrest, the court ordered their dismissal on motion of the defendant. The prosecuting attorney filed two new informations for identical offenses. After a certain question of law raised was dismissed, two separate trials were held and the jury found the defendant guilty of aggravated assault and battery in each case. The defendant moved for dismissal of the cases, invoking the provisions of § 452, *supra*. The lower court denied the motion. On appeal, we stated that assault with intent to commit murder (attempt to kill) is characterized as a felony under our Penal Code; that (p. 757) "The fact that the jury found the defendant guilty of aggravated assault and battery in both cases, does not change the characterization of the offense as charged in the dismissed informations"; and that "Section 452, *supra*, does not refer to the crime committed but to the one charged in the information, and it is to the information and not to the verdict or judgment, in cases tried by the court without a jury, that resort must be had in order to determine whether application can be made of the prohibition contained in § 452, *supra*, regarding a new prosecution." The conclusion reached in that case and the words appearing in quotation marks are entirely incorrect. In *People* v. *García*, 71 P.R.R. 210, we attempted to clarify the situation. As it is likely that we failed to accomplish it fully, for a better understanding of the problem it is well to point out at this time that if the information is for felony, it is unquestionable that if it is dismissed for any of the reasons enumerated in the chapter comprising §§ 448 and 452, *supra*, the prosecuting attorney has full authority to file a new information for felony—*Falero* v. *District Court*, 39 P.R.R. 426; *People* v. *Barbosa*, 34 P.R.R. 106; *People* v. *Feliciè*, 31 P.R.R. 488; where an in-

formation charging a misdemeanor is dismissed under the authority of the provisions of any of those sections, the provisions of § 452 do not bar the prosecuting attorney from filing a new information for felony—*People* v. *García, supra, People* v. *Brown,* 42 Cal. App. 462; that if the verdict or judgment in the latter case is for misdemeanor, the prosecuting attorney runs the risk that the court may be without power to sentence the defendant—*People* v. *García, supra;* and that where, as in the instant case, the original information charging a felony is dismissed under the provisions of those sections and the prosecuting attorney files a new information for the same offense or for another felony—which he is clearly authorized to do under § 452, *supra*—if the verdict or judgment is for misdemeanor, the defendant should be acquitted. That is the criterion reached by us after studying the matter anew. It conforms to the letter and the spirit of § 452.

 We do not believe that that section refers to the offense charged in the information. Its context does not warrant such a conclusion. The same provides clearly that the dismissal of an action "is a bar to any other prosecution for the same offense *if it is a misdemeanor,* but it is not a bar *if the offense is a felony."* (Italics ours.) That section in nowise refers to the offense charged. The section repeatedly employs the verb "is," and its use does not signify "the offense charged in the information." It must necessarily refer to the offense committed. In *People* v. *García, supra,* this Court recognizes that (p. 212), "It is unquestionable that in spite of the fact that the defendant was prosecuted for the crime of murder, the verdict established that *she committed the crime of involuntary manslaughter."* (Italics ours.) This is a clear indication that the offense committed *is* in fact the offense which is the object of the verdict rendered by the jury or of the judgment of the court. The name is not important. *Cf. Roosevelt, Governor* v. *District Court,* 42 P.R.R. 800, 803. The fact that the prosecuting attorney designated as felony a set of facts which in the long run turned out to be

a misdemeanor, does not alter the reality that the offense committed *was* a misdemeanor. Aggravated assault and battery is an offense of this nature. Act of March 10, 1904, p. 48, and § 14 of the Penal Code. Since the original information (regardless of whether it was felony) was dismissed and verdict for misdemeanor rendered, § 452 of the Code of Criminal Procedure is wholly applicable and bars a judgment of conviction.

The case of *People* v. *Alvarez, supra,* is expressly overruled. Also, *People* v. *Pagán,* 23 P.R.R. 770, in which we stated, quoting from the headnote:

"When an information for felony is quashed on motion of the *fiscal* a new information charging a misdemeanor is not forbidden by section 452 of the Code of Criminal Procedure."

The judgment appealed from will be reversed and the defendant acquitted.