[Crim. No. 1272. First Appellate District, Division Two.—November 13, 1925.]

THE PEOPLE, Respondent, v. LOUIS W. MECHLER, Appellant.

[1] CRIMINAL LAW — BRIBERY — SUFFICIENCY OF INDICTMENT — DEMURRER.—In a prosecution of a police officer on a charge of asking and receiving a bribe, an indictment charging that defendant and another officer "did unlawfully, wilfully, feloniously and corruptly ask, receive and agree to receive from" two certain persons "a bribe, to-wit," a specified sum of money "upon the agreement and understanding that said other officer and defendant "and each of them would not arrest nor cause the arrest of" said other two persons, nor either of them, for violations of the California Motor Vehicle Act and an act of the legislature to enforce the Federal prohibition laws," which had been theretofore . . . committed by" said other two persons, is not subject to demurrer on the ground that it does not allege that said other two persons committed violations of the California Motor Vehicle Act, or what those violations were, or the manner in which they committed the violations.

[2] ID.—EVIDENCE—ERRONEOUS RULING—SUBSEQUENT EXAMINATION.— In such prosecution, any error of the trial court in sustaining the prosecution's objection to a question asked by defendant's counsel of the complaining witness is cured where, immediately thereafter, the witness is asked the same question, but in different language, and, over the objection of the prosecution, the court permits the witness to answer.

[3] ID. — ADMISSIONS — FOUNDATION. — In such prosecution the trial court did not err in admitting in evidence a written statement of questions propounded by the chief of police and defendant's answers thereto, where the secretary of the chief of police had been sworn as a witness and testified that he was present at the

----

1. See 4 Cal. Jur. 503.
2. See 8 Cal. Jur. 619; 2 R. C. L. 254.
3. See 8 Cal. Jur. 243.

interview and took down the questions and answers in short-
hand, and before such proceedings were had various witnesses
had delineated in details the circumstances leading up to and
in connection with the agreement with reference to the bribe,
and, although defendant made an objection to the reading of
the statement on the ground that it was "incompetent, irrelevant
and immaterial and no proper foundation laid," he did not call
to the attention of the trial court any particulars wherein the
foundation had not been laid.

[4] ID.—EVIDENCE—ADMISSIONS OF ANOTHER.—Where, at the time of
taking defendant's statement, the statement of the other officer
who was with defendant was also taken, and the statement of
each was then read to the other, the trial court did not err
in admitting in evidence against defendant the statement of
said other officer and permitting the witness to be asked what
defendant said, if anything.

[5] ID.—CONSPIRACY—EVIDENCE—INSTRUCTIONS.—In such prosecution
on the charge of asking and receiving a bribe, the prosecution
having introduced evidence to the effect that defendant and the
other police officer had formed a conspiracy and were acting
as conspirators in committing the offense alleged in the indict-
ment, the trial court properly instructed the jury that "If
a conspiracy has been shown to exist, every act and declaration
of each member of the conspiracy in pursuance of the original
concerted plan and with reference to the common object is
in contemplation of the law the act and declaration of them
all and each of them, and it makes no difference at what time
one comes into a conspiracy, for everyone who does enter into
such a common purpose and design is deemed in law a part
to every act which may afterwards be done by any of the
others in furtherance of such common design."

[6] ID.—MISCONDUCT OF DISTRICT ATTORNEY—MISSTATEMENT OF EVI-
DENCE—ADMONITION BY COURT.—In such prosecution, the trial
court did not err in failing to admonish the district attorney
because of the act of the latter, in his argument to the jury,
in referring to the words expressly used by one of the witnesses
and in part to the inferences and presumptions that could be
drawn therefrom, and the assignment by defendant that it was a
misstatement of the evidence was not justified by the record.

[7] ID.—ACKNOWLEDGMENT OF MISTAKE—STATEMENT OF COURT—AD-
MONITION UNNECESSARY.—In such prosecution, the trial court did
not err in failing to admonish the deputy district attorney be-
cause of his statement, in his argument to the jury, that de-
fendant had made out an arrest-tag, where the attorney for

---

4.  See 8 Cal. Jur. 101.
6.  See 8 Cal. Jur. 263.

defendant immediately challenged the statement as not being supported by the record, and the trial court stated to the jury that the statement had not been testified to, and the deputy district attorney acknowledged his mistake and proceeded.

[8] ID.—APPEAL—ASSIGNMENTS OF ERROR—ABANDONMENT OF CONTENTION.—Where the appellant in his brief on appeal makes assignments of error but does not print excerpts from the transcript showing the facts, or he does not stop to argue the point and to cite any authority supporting the contention, the appellate court will assume that the contention has been abandoned.

---

(1) 9 C. J., p. 409, n. 88.   (2) 17 C. J., p. 337, n. 27.   (3) 16 C. J., p. 628, n. 90.   (4) 16 C. J., p. 658, n. 18.   (5) 9 C. J., p. 415, n. 70, 76; 16 C. J., p. 1036, n. 65, p. 1043, n. 35.   (6) 16 C. J., p. 896, n. 85.   (7) 16 C. J., p. 918, n. 68.   (8) 17 C. J., p. 189, n. 87, p. 190, n. 91, p. 213, n. 27.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Fred V. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frank M. Carr for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant and one Villa were indicted on the charge of "asking and receiving bribes." (Pen. Code, sec. 68.)   The defendant Mechler was tried and the jury brought in a verdict of guilty "of felony, to wit, a violation of section 68 of the Penal Code of the State of California, as charged in the indictment."   The defendant moved for a new trial, but his motion was denied.   Thereupon judgment was pronounced against him and he has appealed from the order denying his motion for a new trial and from the judgment of conviction.

[1] At the time of his arraignment the defendant demurred to the indictment; the demurrer was overruled and at this time the defendant urges that ruling as error.   The charging part of the indictment was as follows:

---

8. See 8 Cal. Jur. 545; 2 R. C. L. 178.

"That the said Henry S. Villa and Louis W. Mechler, on or about the 27th day of April, A. D. 1924, and prior to the time of filing this indictment, at the City of Oakland, County of Alameda, State of California, did unlawfully, willfully, feloniously and corruptly ask, receive and agree to receive from persons, to-wit: George W. O'Connor and Charles F. Smith, a bribe, to wit, the sum of $100.00 in lawful money of the United States of America, of the value of $100.00 in gold coin of the United States of America, upon the agreement and understanding between the said Henry S. Villa, Louis W. Mechler, George W. O'Connor and Charles F. Smith that the said Henry S. Villa and Louis W. Mechler and each of them would not arrest nor cause the arrest of the said George W. O'Connor and Charles F. Smith, nor either of them, for violations of the California Motor Vehicle Act and an act of the Legislature of the State of California (Stats. 1921, Chap. 80) entitled, 'An Act to Enforce the Provisions of Article XVIII of the Amendments to the Constitution of the United States Prohibiting All Acts or Omissions Prohibited by the Volstead Act, Imposing Duties on Courts, Prosecuting Attorneys, Sheriffs and Other Officers and Extending Their Jurisdiction, and Providing for the Disposition of Fines and Forfeitures' which had been theretofore, on said 27th day of April, A. D. 1924, committed by said George W. O'Connor and Charles F. Smith in the City of Oakland, County of Alameda, State of California." The appellant contends that the demurrer should have been sustained because the indictment does not allege (1) that George W. O'Connor and Charles F. Smith committed violations of the California Motor Vehicle Act (Stats. 1923, p. 517); nor (2) what those violations were; nor (3) the manner in which they committed violations of the California Motor Vehicle Act. The appellant further contends that the indictment was uncertain because it did not specify the foregoing matters. The appellant cites and relies on *People* v. *Ward,* 110 Cal. 369 [42 Pac. 894], and quotes the first syllabus. The citation is not in point. The third paragraph on page 373 is more nearly in point. An authority that rules the point directly against the appellant is *People* v. *Markham,* 64 Cal. 157 [49 Am. St. Rep. 700, 30 Pac. 620]. In that case the court upheld an indictment as being sufficient which charged the asking of a bribe "upon an understanding and agreement that he (the defendant) would not arrest persons engaged in violating

section 330 of the Penal Code of the State of California, nor would he arrest persons engaged in violating the gaming ordinance of the said city of San José, contrary to the form of the statute," etc. The reason for the rule is stated by the court at page 161 in the following language: "The matter, cause, or proceeding must be one which *may* come before him, that is, comes within his jurisdiction, or which may be brought before the officer, or which may be pending at the time of the corrupt promise. The legislature, I think, did not intend that the prosecution should depend upon the fact whether the officer actually had it in his power to carry out the corrupt agreement before the indictment was exhibited. It is sufficient, I think, that the subject-matter upon which the bribe was to operate existed, and could legally be brought before the officer in his official capacity. The offense consists, in contemplation of the statute, in poisoning and corrupting the fountain of justice, and although the particular deleterious consequence designed to be effected by the parties has not ensued, the State, nevertheless, has an officer corrupted, and society has lost all protection for its rights, so far as the administration of the law by him is concerned." See, also, *People* v. *Lips,* 59 Cal. App. 381, 390 [211 Pac. 22] ; 9 C. J., p. 409, sec. 10. We think that the indictment was not vulnerable to any of the attacks made thereon.

In his brief the appellant cites numerous rulings on the admission or exclusion of evidence as being errors. We have examined each one and find no merit in any of the assignments except as we have noted below. **[2]** When Mr. Smith, the prosecuting witness, was on the stand as a part of the cross-examination the attorney for the appellant propounded to him a question and the following proceedings were had: "Mr. Carr: Isn't it a fact that in the first trial of this case held in this court in July, 1924, you were a witness and testified and that you testified that at the time you arrived at your brother-in-law's home at 10 A. M. on Excelsior Avenue and never left there until 2:30 in the afternoon? Mr. Snook: Objected to as incompetent, irrelevant and immaterial and tends to impeach the witness on collateral and irrelevant matter. The Court: Objection sustained. Mr. Carr: You did testify in the first trial of this case on the 8th of July, 1924, that you remained at your brother-in-law's house from 10 A. M. until 2 or 2:30 in the P. M. without leaving? Mr. Snook: The same objection.

The Court: The same ruling. Mr. Carr: Did you leave your brother-in-law's house after you arrived there at 10:30 A. M. until 2 or 2:30 in the afternoon? Mr. Snook: Objected to as asked and answered. The Court: He may answer. A. Yes.'' Any error, in sustaining the objection to the first question and second question, was cured by the ruling made on the objection to the third question. [3] In another place the appellant contends that it was error on the part of the trial court to admit in evidence the alleged statement of Mechler, because no proper foundation had been laid for its admission and on the further ground that at that time the *corpus delicti* had not been established. The statement referred to was a written statement of questions propounded by the chief of police and answers made by the defendant. The secretary of the chief of police was sworn as a witness and testified that he was present at the interview and took down the questions and answers in shorthand. Before the secretary started to read the appellant made an objection that the statement ''is incompetent, irrelevant and immaterial and no proper foundation laid.'' The appellant did not call to the attention of the trial court, and has not called to the attention of this court, any particulars wherein the foundation had not been laid. Before these proceedings were had the witness Smith and the witness O'Connor and other witnesses had delineated in detail the occurrences on the twenty-seventh day of April, 1924. [4] Mechler's statement to the chief of police was made on April 30th. In the same manner that Mechler's statement was taken a statement was also taken from Villa. After the chief of police had taken down each statement he read Mechler's statement to Villa and Villa's statement to Mechler. At the time of the trial, having laid the foregoing foundation, the statement made by Villa which had been read to the appellant was offered in evidence. The whole statement was not read, as the prosecution conceded a part was immaterial. The part claimed to be material being offered the appellant objected to it as incompetent, irrelevant, and immaterial. The objection was overruled. After the statement had been read to Mechler the witness was asked what Mechler said, if anything. The trial court did not err in its rulings. (Code Civ. Proc., sec. 1870, subd. 3.) The appellant cites and relies on *People* v. *Oldham,* 111 Cal. 648, 653 [44 Pac. 312]. The facts be-

fore the court in the Oldham case are readily distinguishable from the facts in this case.

[5] In presenting its case to the jury the prosecution had introduced evidence to the effect that Mechler and Villa had formed a conspiracy and were acting as conspirators in committing the offenses alleged in the indictment. Among other instructions the trial court instructed the jury as follows: "If a conspiracy has been shown to exist, every act and declaration of each member of the conspiracy in pursuance of the original concerted plan and with reference to the common object is in contemplation of the law the act and declaration of them all and each of them, and it makes no difference at what time one comes into a conspiracy, for everyone who does enter into such a common purpose and design is deemed in law a party to every act which may afterward be done by any of the others in furtherance of such common design." At this time the appellant contends that the foregoing instruction was erroneous, that it was not applicable to the case on trial, and was calculated to confuse and mislead the jury. The appellant does not specify wherein the instruction was vulnerable to any one of those attacks. We think the point is without merit.

[6] The appellant contends that the district attorney was guilty of improper conduct in arguing the case to the jury. That point involved a consideration of the following facts: Mr. Smith had testified that between 3 and 4 P. M. on April 27, 1924, that he, Mr. O'Connor and two women were stopped while driving an automobile along Park Boulevard. The defendant Mechler stopped them. Another officer, Villa, was near by. Mechler motioned the party over to the curb. They approached the curb and stopped. Thereupon a conversation was held between the men and the officers, between the men and the women passengers, and between the officers and the women passengers. All were apparently assembled about the car at least part of the time. As to what each one saw and as to what each one heard at that particular time it may be conceded was not expressly developed in the testimony. While arguing, the deputy district attorney, referring in part to the words expressly used by the witnesses and in part to the inferences and presumptions that could be drawn therefrom, stated: "Mr. Crosby: In the meantime Officer Villa (and I think his acts were just as contemptible as this

other man's), Officer Villa saw the suitcase in the back of the car and asked what was in it and O'Connor said there were some of his things in it and Villa had heard of the previous conversation between the ladies and Mechler— Mr. Carr: I assign that as a misstatement because there is nothing in the record that Villa heard any part of the conversation that occurred between Mechler and the women. I assign it as a misstatement of the evidence. The Court: Proceed." Appellant now complains because the trial court did not admonish the district attorney. It was no proper time to admonish him. The interruption by the appellant was not justified by the record. Two other interruptions immediately following stand on the same basis. [7] In another place the district attorney had stated that Mechler. made out an arrest-tag. The attorney for the appellant challenged the statement as not being supported by the record. The trial court stated to the jury that the statement had not been testified to. The deputy district attorney acknowledged his mistake and proceeded. Certainly there was no occasion for admonishing the district attorney under such circumstances.

[8] In his brief the appellant made assignments of error but did not print excerpts from the transcript showing the facts; nor did he stop to argue the point and to cite any authority supporting the contention. Such matters have not been specifically treated by us and we will assume, under such circumstances, that the contention has been abandoned. (*Estate of Randall,* 194 Cal. 725 [230 Pac. 445]; *People* v. *Singh,* 182 Cal. 457, 480 [188 Pac. 987].)

We find no error in the record. The judgment and order are affirmed.

Nourse, J., and Langdon, P. J., concurred.