[Crim. No. 1723. Second Appellate District, Division Two.—January 9, 1929.]

THE PEOPLE, etc., Respondent, v. ELMER WILLIAMS et al., Appellants.

216

J. C. Thomas for Appellants.

U. S. Webb, Attorney-General, Leroy McCormick, District Attorney, and Leslie A. Cleary, Deputy District Attorney, for Respondent.

WORKS, P. J.—The defendants were convicted of the crime of forgery. They appeal from the judgment.

One of the points made by appellants is that the evidence was insufficient to support the verdict, but an examination of their brief shows that nothing more can be asserted than that there was a conflict in the evidence. Indeed, the argument proceeds principally upon the theory that the jury should have believed the witnesses for the defense and not those of the prosecution. With such a consideration, of course, courts of appeal have nothing to do. The evidence was sufficient.

Appellants assign as error certain rulings of the trial judge in sustaining objections to questions put to a handwriting expert on cross-examination. These questions

were: "Do you not know that in Elmer Williams' writing, in these examplars furnished you, there is a versatile mental agility and a humorous blending of understanding, personality and imagination not indicated in the written check upon which this action is based? . . . Is it not a fact that the examples which the defendants, the Williams brothers, have given you, show in their writing frankness and candor, the opposite to concealment, dissimulation, falsehood, cunning and finesse? . . . Is it not a fact that in the writing of the Williams brothers, the defendants, there is shown therein a buoyance of mind in the ultimate good of things and in the justice of Providence as shown by their writings, not indicated in the alleged forged check? . . . Is it not a fact that the person who wrote this check is a person wholly unlike Elmer Williams, and is a person who is a garrulous person? . . . Is it not a fact that the writing furnished you by Elmer Williams does not exhibit any crudities and is free from ostentation? . . . Do you not know that men like Eldon Williams and Elmer Williams have more sense than to furnish you with exemplars of their handwriting if they were guilty of forging that check?" The objections were properly sustained.

It was the theory of the prosecution that appellants and a third person, who was a minor, and was made a ward of the juvenile court because of his complicity in the acts out of which the charge against appellants grew, committed the forgery for the purpose of procuring funds for the purchase of certain grapefruit. It was upon the testimony of the juvenile, together with ample corroborating evidence and circumstances, that appellants were convicted. The testimony of the juvenile contained a complete story of the consummation of the forgery and showed that he and appellants, after realizing the proceeds of the forged check, went to the owner of the grapefruit and, apparently, after some negotiations with him, themselves picked the fruit. The minor then, in the presence of appellants, made payment to the seller for it and appellants and he carried it away. On the cross-examination of the witness appellants' counsel asked him the question: "Well, you bought all the grapefruit yourself, did you not?" The witness answered: "Well, that is according to the way you would consider the transaction." A direct answer to the question was then

insisted upon and the objection was interposed that it called for a conclusion of the witness. The objection was sustained, and it is contended that the ruling was error. We think not. The entire circumstances surrounding the purchase having been detailed, it was for the jury, and not for the witness, to say whether appellants and the juvenile, or he alone, had "bought" the grapefruit. The witness, by his answer to the question as first propounded, showed that he correctly appraised the situation, even if appellants' counsel did not.

█ Appellants claim that the trial judge erred in refusing to instruct the jury "that circumstances of suspicion, no matter how grave or strong, are not proof of guilt, and unless the fact of the defendants' guilt, is proved beyond every reasonable doubt, the actual exclusion of every reasonable hypothesis of their innocence consistent with the facts proven." This proposed instruction is unintelligible, and it was properly refused for that reason. Moreover, the judge gave to the jury, in accordance with the provisions of sections 1096 and 1096a of the Penal Code (Stats. 1927, p. 1039), an instruction concerning the presumption of innocence and on the question of reasonable doubt. Section 1096a is to the effect that "the court may read to the jury section 1096 of this code, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given."

█ Appellants state two other points, but as they are not argued, and as no authority is cited in support of them, we deem it unnecessary, under a familiar rule, to consider them.

Judgment affirmed.

Craig, J., and Thompson (Ira F.), J., concurred.