[Crim. No. 1560.   First Appellate District, Division Two.—April 22, 1930.]

THE PEOPLE, Respondent, v. RICHARD HEAD, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Ralph O. Warren for Respondent.

SPENCE, J.—Appellant was convicted of murder of the second degree and sentenced to the state prison. He appeals from the judgment and the order denying his motion for a new trial.

Upon this appeal it is contended: First, that the appellant had once been in jeopardy for the offense charged in the indictment; second, that the evidence does not support the verdict for the reason that it appears therefrom that the appellant acted in self-defense, and third, that the evidence does not support the verdict for the reason that it appears therefrom that the killing was done without malice.

In the early morning hours of May 30, 1929, the appellant shot and killed one Edward Prouty. On two or three occasions on the previous day the deceased and two companions had visited the "bootlegging establishment" con-

ducted by appellant. The final visit was made at about 10 o'clock in the evening and lasted until 4 o'clock in the morning, at which time the shooting occurred. It is unnecessary to set forth all of the sordid details of the events of the evening. The testimony shows that appellant's patrons engaged in a drunken debauch in the flat where appellant carried on his illegal occupation. Several persons present, including the deceased and his companions, had engaged in prolonged drinking, accompanied at various times by hilarity, quarreling and drunken slumber on the part of some of the participants. As might well be expected, there is considerable conflict in the testimony concerning the circumstances preceding and following the shooting. The body of the deceased was found about two hours later on a dump some distance from the house where the shot was fired. The appellant was arrested that night and denied knowing the deceased or having any knowledge of the shooting.

On his plea of once in jeopardy the appellant relies upon a so-called "statutory jeopardy" rather than a "common-law jeopardy." No previous trial was had, but two proceedings were instituted, one by information and the other by indictment, each charging the appellant with the murder of the deceased. Appellant was tried and convicted upon the indictment. While both the information proceeding and indictment proceeding were pending, the former was dismissed and the order of dismissal did not set forth the reasons for such dismissal. ▆ Under the provisions of sections 1385 and 1387 of the Penal Code appellant contends that the failure to set forth the reasons for the order of dismissal of the information bars a further prosecution and makes the plea of once in jeopardy sustainable. We deem it proper to fully set forth the facts concerning these two proceedings.

The information proceeding was instituted by filing a complaint in the police court on June 3, 1929. A preliminary examination was held, appellant was held to answer and an information was filed in the Superior Court on July 18, 1929. On August 1, 1929, and before appellant had entered his plea to the charge contained in the information, the information was dismissed on motion of the district attorney. The order granting the order to dismiss did not

state the reasons therefor. In presenting the reasons for the motion to the trial court, the district attorney stated that appellant had been charged by indictment with the identical offense, had entered his plea thereto, and that said indictment proceeding had been theretofore set for trial. He further stated that the purpose of proceeding by way of preliminary hearing in the police court was to perpetuate the testimony of certain witnesses as he believed that said witnesses might not be available at the time of trial.

The indictment proceeding was commenced on June 7, 1929, by filing the indictment here involved. On June 24th, a plea of not guilty was entered. On the thirty-first day of August, and after the dismissal of the information proceeding, oral and written pleas of once in jeopardy and former acquittal were entered. Trial resulting in conviction was had on September 3d. At the time the case was called for trial appellant moved to dismiss the indictment. The motion was based upon the above facts, being the same facts relied upon to support his plea of once in jeopardy. The motion was denied and under the instructions of the court the jury found in favor of the People on the pleas of once in jeopardy and former acquittal.

We find no merit in appellant's first contention that he had been once in jeopardy for the offense charged by reason of the filing and dismissal of the information as above set forth. A statutory bar or statutory jeopardy, as it is sometimes termed, has been recognized, but such bar lacks the essential elements of common-law jeopardy and constitutes a bar solely for the reason that the legislature has so decreed. (*Ex parte Hayter,* 16 Cal. App. 211, 221 [116 Pac. 370].) The plea of once in jeopardy, when based upon a common-law jeopardy, is a favored plea for the reason that the accused has once been placed on trial for the offense charged and under the common law and constitutional guaranty is shielded from successive prosecutions for the same offense. On the other hand, where this plea is based upon a statutory bar, the accused ordinarily never stands trial for the offense charged and such plea is not to be extended to cases in which it does not clearly appear that the legislature intended the statutory bar to exist. Referring to the statutory provisions herein

involved, section 1385 provides: "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." Section 1387 provides: "An order for the dismissal of the action, as provided in this chapter, . . . is not a bar if the offense is a felony."

Although by the terms of section 1387 a dismissal of a felony made pursuant to section 1385 is not a bar to any other prosecution of the same offense, it is argued that the clause in section 1385 requiring the reasons for the dismissal to be set forth in the order is mandatory and that the failure to set forth such reasons results in a bar to any further prosecution. The requirement of section 1385 is mandatory in its terms and the reasons for the dismissal should have been set forth in the order. However, we cannot agree that under those sections the mere failure to embody the reasons for the dismissal in the order will result in a bar to further prosecution where at the time such dismissal is made the records of the court show good reason for such dismissal and it clearly appears that the dismissal was made in "furtherance of justice" as contemplated by section 1385. The procedure adopted of filing two proceedings charging the same offense is unusual and is not to be commended. The pendency of one, however, did not bar proceedings on the other. As stated in Bishop's New Criminal Law, volume 1, page 610, in discussing double jeopardy: "A man may be held on two or more indictments at the same time for one offense, and the pendency of the one will be no bar to proceedings on the other. Yet if justice to him requires, the court in its discretion will quash one or more of them." Here both proceedings were promptly commenced following the commission of the offense. The indictment proceeding was on the calendar for trial. No prejudice could result to the appellant nor could his right to a speedy trial in the indictment proceeding be jeopardized by dismissing the information subsequently filed before he entered his plea thereto. It is apparent that the pendency of two proceedings constituted good reason for the dismissal of one, and the dismissal of the information under the circumstances was

obviously in the interests of justice as contemplated by section 1385. The failure to state in the order of dismissal the fact that another proceeding was pending charging the identical offense constituted a mere omission to state a fact which the records of the court already disclosed and here constituted at most a mere irregularity in procedure without prejudice to appellant. It does not appear that the legislature intended by the sections above mentioned to create a bar to further prosecution under the circumstances in the present case.

Appellant relies mainly upon certain language in the decision of *People* v. *Disperati*, 11 Cal. App. 469 [105 Pac. 617]. The facts therein involved are clearly distinguishable and the decision in that case is not in conflict with the views herein expressed. There the district attorney made the motion to dismiss almost two years after the alleged offense was committed, nearly six months after the complaint was filed, and just prior to the expiration of the sixty-day period following the disagreement of the jury in the first trial on the original information. From a reading of the decision it appears that the district attorney at the time the motion was made was endeavoring to get further time to prepare his case and it does not appear that he could have made a sufficient showing to obtain a continuance. The order for dismissal was made, but failed to state the reasons. On the same day the district attorney filed a new complaint and after a second preliminary examination proceeded to try the defendant upon a second information charging the identical offense. Aside from the reasons there stated by the district attorney at the time the motion was made, the records of the court showed no reason for the dismissal and, as indicated on page 476 of the decision, the reasons stated by the district attorney in presenting his motion, even if embodied in the order of dismissal, would not have been sufficient to show that such dismissal was made in furtherance of justice as contemplated by section 1385. In that case not only did the order of dismissal fail to show the reasons for dismissal, but in addition it did not appear that the dismissal was made in furtherance of justice. On the contrary, it appeared that the motion for dismissal was made by the district attorney for his own convenience in securing further delay. He sought

to accomplish this delay by dismissing the pending information and subsequently filing another proceeding charging the defendant with the same offense. Such procedure entirely ignored the defendant's constitutional right to a speedy trial on the offense charged. It may be noted that in discussing certain cases the court said, on page 475 of the decision: "The foregoing cases are certainly authority for holding—if authority other than the provision of the statute is needed—that the dismissal of an information in the interests of justice is not a bar to another prosecution for the same offense."

It is next claimed that it appears from the evidence that appellant acted in self-defense. Much of the conflicting testimony is referred to in support of this contention. From a review of the entire record it may be said that there was sufficient evidence to make self-defense an issue for the jury under instruction from the court. This issue was properly submitted to the jury and they impliedly found against appellant. There was ample evidence to support this implied finding.

In order to justify the commission of a homicide in self-defense it must not only appear that the defendant believed himself to be in imminent danger, but also that as a reasonable person he had sufficient grounds for his belief. The circumstances must be sufficient to excite the fears of a reasonable person and the party killing must have acted under the influence of such fears alone. (Pen. Code, sec. 198.) In practically every case it is essentially a question for the jury to determine whether the circumstances were sufficient to excite the fears of a reasonable person and whether the defendant acted solely under the influence of such fears. (*People* v. *Emerson,* 130 Cal. 562 [62 Pac. 1069]; *People* v. *Anderson,* 57 Cal. App. 721 [208 Pac. 204].)

Obviously neither the testimony of appellant to the effect that he believed himself in danger, nor the testimony concerning the character of the deceased, nor the testimony that the deceased had a knife in his possession, would be conclusive upon the issue of self-defense. They were proper matters for the consideration of the jury, together with all the testimony concerning the circumstances preceding the killing. Briefly relating some of these circumstances, the

testimony of the prosecution witnesses showed that for some time prior to the shooting the deceased and McCarthy, one of his companions, had been in the kitchen drinking with other patrons of appellant's place. This room was furnished with a couch, morris chair and other furniture not usually found in a kitchen, but adapted to the use of appellant in making his customers comfortable. About 4 o'clock in the morning Malezia, deceased's other companion who had been asleep in an adjoining room, entered the kitchen and sat on the couch. He said to one of the women present, "Come over here, baby, and sit by me." Another patron, a man of large stature, resented this remark and a quarrel ensued. No blows were struck, but a fight was threatened between the various patrons, including the deceased and his companions. Appellant said: "There will be no fight go on in here." The deceased then said: "What are you going to do about it?" Appellant then pulled out a gun and said to deceased: "You have been looking for it." The deceased said: "You haven't guts enough to shoot that." Whereupon the appellant shot the deceased. During the remarks between the deceased and appellant the deceased was standing several feet from the defendant with his hands behind his back. Several witnesses testified that they saw no knife in the possession of the deceased at the time. There was some conflict in the testimony regarding the positions of the various persons in the room, their actions and their words, but the details of the tragedy, as told by some of the witnesses, fully warranted the jury's conclusion that the circumstances were insufficient to render the homicide justifiable under the plea of self-defense.

■ The recital of the foregoing testimony disposes of appellant's third point that the killing was done without malice. Section 188 of the Penal Code defined malice as follows: "Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." It is not necessary to consider whether the evidence was sufficient to constitute express malice, as above defined. Malice is implied where no

considerable provocation appears and the jury was warranted in finding upon the conflicting evidence that there was no considerable provocation for the killing of the deceased.

Although not referred to in the briefs, appellant during oral argument urged a reversal of the order denying his motion for a new trial, claiming that a new trial should have been granted on the ground of newly discovered evidence. The evidence referred to in the affidavits in support of the motion related solely to the testimony of one witness who claimed to have seen one of deceased's companions and another person apparently assisting a man into an automobile in front of appellant's place at about 4:30 that morning. The testimony offered at the trial left in doubt the manner in which deceased had traveled or been conveyed from appellant's place to the place where his body was found two hours later. The newly discovered evidence, if produced, would tend to show the manner in which the deceased left the premises after the shooting and to impeach certain testimony of deceased's companions. It had no direct bearing upon the shooting or the events preceding the shooting. It is extremely doubtful whether such evidence would have produced any different result upon the trial. The motion for a new trial under such circumstances is directed to the sound discretion of the trial court, and the action of the trial court will not be disturbed except in cases manifesting a clear abuse of such discretion. (*People* v. *Sing Yow,* 145 Cal. 1 [78 Pac. 235].) It does not appear that the trial court abused its discretion in denying the motion for new trial.

The judgment and order are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 22, 1930, Nourse, J., *pro tem.,* not voting.