THE PEOPLE, Respondent, v. J. M. ADAMS & COMPANY et al., Defendants; LAWRENCE J. WALTERS, Appellant.

[1 Cal. Supp. 100.]

C. B. Conlin and Ray Brockman for Appellant.

Charles P. Johnson, City Prosecutor, and Joe Matherly and John L. Bland, Deputies City Prosecutor, for Respondent.

BISHOP, J.—This matter was initiated by the filing of two complaints, one charging in one count, the other charging in six counts, that the appellant, Walters, and his nonappealing co-defendants had on seven specified occasions asked and received of the complaining witness usurious interest on loans varying in the principal involved from fifteen to twenty-five dollars. The main question in the case is presented by appellant's contention that the several transactions were not loans but were payments for the assignments of earned wages, and that the sums received by him were these wages.

The prosecuting witness, Otto Neuman, testified that he first went to the office of J. M. Adams & Company in April, 1929, and asked the appellant, who was an employee of the company, for a loan of more than $20.00, but was told that on account of his salary, only $15.00 was forthcoming. His testimony continues: "This amount was to be paid back each week at the rate of $15.75 . . . You pay the full amount back each week, Your Honor. Pay the full amount back each week, including seventy-five cents. In other words, paying $15.75." Question by appellant's counsel: "What was the amount you *borrowed?*" Answer: "The full amount to be paid back weekly." Later: "I received

my money, in the amount of $15 and left, to be paid back from my coming pay day." "When was that?" "It was supposed to be on Saturday, and I explained to them also at the time in case I could not get in there on Saturday I would be in on Monday, which they accepted." The prosecuting witness then related how for almost a year he returned every Saturday or Monday (with a few exceptions when he sent his wife) and paid back the sum he had received the week before, at first $15, then later $25, and in addition 75c or $1.25. The few times his wife went for him she did not repay the principal sum received the week before, nor receive any money, but "All I did was to go and tell (appellant) who it was for and hand him the money," the money so handed being $1.25.

At each weekly trip made by the prosecuting witness he signed two forms, physically attached together by a perforated line. Sixteen of these documents were received in evidence. The first form was an application to assign to J. M. Adams & Company salary or wages represented to have been earned during the month named. The name of the employer, I. X. L. Awnings, also appeared in this first form. In the second form, also signed by the prosecuting witness, it was recited that "my account for salary or wages already earned by me, during the month of ————, 192—, and amounting to $26.25, and due to me by ————" was assigned to J. M. Adams & Company. The blanks indicated were not filled in on any of the "assignments", in evidence. No written notice that any of these purported assignments had been made was received by the employer, and each week the account for salary or wages was collected by the prosecuting witness himself and brought to the J. M. Adams & Company.

With this picture of events before them the jurors were warranted in concluding that the assignments were but paper cloaks too thin to conceal the *corpora delicti,* loans on which an unlawful rate of interest was collected. Authority is not needed to support this conclusion, but by way of cases illustrating by their facts the identical practice engaged in by defendant here, and regarded by the courts with the same disfavor, we find: *Cotton* v. *Cooper,* (Tex. Civ. App. 1913) 160 S. W. 597; *McWhite* v. *State,* (1921)

143 Tenn. 222 [226 S. W. 542] ; *Tennessee Finance Co.* v. *Thompson,* (1922) 278 Fed. 597.

█ The sixteen assignment forms in evidence were offered by the People, with the expressed approval of the defendant, but were never, so far as appears, either read to the jurors or placed in their hands for perusal. After the court had instructed the jury, defense counsel stated that the jurors had not heard or seen the contents of these documents and requested that they be sent to the jury-room with the jurors who were about to retire. The court's reply was: "I have stated the jury may have them at their request. If they request them, they may have them, otherwise they will not be shown to the jury." Of this ruling defendant complains, relying upon section 1137 of the Penal Code, which begins: "Upon retiring for deliberation, the jury may take with them all papers (except depositions) which have been received as evidence in the cause."

In *People* v. *Cochran,* (1882) 61 Cal. 548, the word "may" in this section was emphasized, and the court said (p. 551) : "The statute is not mandatory. It directs the Court to allow the jury to take with them any papers received as evidence which may be of service to them, but none can be taken without permission of the Court. The matter is therefore left to the sound discretion of the Court, and its action is not revisable, unless there has been an abuse of discretion." The following quotation from the concurring opinion of Mr. Justice McKinstry in the Cochran case appears in *People* v. *Dunlop,* (1915) 27 Cal. App. 460, 470 [150 Pac. 389, 393] : "It is not the absolute right of the prosecution or defense to have the papers or instructions sent with the jury, unless the jury demand.' We are of the opinion, therefore, that the defendant has no ground of complaint in the court's ruling. It should be noted, in this connection, that we are discussing the court's ruling on a request not made during the course of the trial. Appellant could have read the exhibits to the jury, of course, as a part of his case, but did not. He could have used them in argument, but he waived argument. Furthermore, we are satisfied that had the jury both seen and heard read these exhibits it would not have affected their verdict.

We have considered the other arguments presented by appellant in his points and authorities and find none with merit or worthy of consideration here. ▉ The grounds listed in his statement on appeal and not touched upon in his points and authorities we have considered as abandoned and have not searched the record to see if they are well taken. (*People* v. *Mechler*, (1925) 75 Cal. App. 181, 188 [242 Pac. 503]; *People* v. *Williams*, (1929) 96 Cal. App. 215, 218 [273 Pac. 1087]). The judgment is affirmed.

McLucas, P. J., and Shaw, J., concurred.

Rehearing denied.