[Crim. No. 2989.   Second Appellate District, Division Two.—June 23, 1937.]

THE PEOPLE, Respondent, v. JOHN EPSTEIN, Appellant.

Morris Lavine for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury of seven counts of robbery of the first degree. He also entered a plea of guilty to a charge of burglary. This appeal is from the judgments and orders denying his motions for a new trial as to the counts of robbery and from the order of the court denying his motion for permission to withdraw his plea of guilty to the charge of burglary.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts are these:

August 10, 1932, defendant, with two other men, held up the business place of Robert Gans, using a gun for the purpose of intimidating Mr. Gans and his employees. Defendant and his accomplices took from the premises money and a thirty-two calibre revolver.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgment of the trial court.*

*Second: The trial court committed prejudicial error in (a) the admission and exclusion of evidence, and (b) the giving and refusing of instructions.*

*Third: The trial court erred in refusing him permission to withdraw his plea of guilty to the count charging him with burglary.*

As to defendant's first proposition, we have examined the record and find that there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of

fact upon which the judgment of guilty as to each count was necessarily predicated. Received in evidence was also a confession of the defendant admitting his participation in the crimes charged, and, since there was substantial evidence that defendant aided and abetted his codefendants in the commission of the crime charged in count I, he was guilty as a principal, even though he may not have been physically present in the room at the time the revolver was taken from the presence of Mr. Gans. Further discussion of the evidence is unnecessary. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second proposition is likewise untenable. The law is settled that a judgment will not be set aside in any case on the ground of (a) misdirection of the jury or (b) improper admission or rejection of evidence, unless there has been a miscarriage of justice. (Art. VI, sec. 4½, Const. of Calif.) Therefore, conceding without deciding that the trial court's rulings were erroneous, defendant may not urge them as error in this court, in view of his confession that he participated in the crimes with which he was charged. Thus there was no prejudice or miscarriage of justice resulting to him.

Defendant's final contention will not be considered by us, since he has not furnished us with argument or citation of authorities in support thereof. The law is settled that, when the appealing party fails to furnish this court with either argument or authorities upon a point urged as grounds for reversal of a judgment of the lower court, the point will be deemed to have been abandoned. (*People* v. *Mechler,* 75 Cal. App. 181, 188 [242 Pac. 503]; *People* v. *Adams & Co.,* 112 Cal. App. (Supp.) 769, 773 [295 Pac. 511]; *People* v. *Williams,* 96 Cal. App. 215, 218 [273 Pac. 1087].)

The judgments and orders are and each is affirmed.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1937.