[Crim. No. 3799.   Second Dist., Div. Two.   Oct. 17, 1944.]

THE PEOPLE, Respondent, v. RUBY JUDITH SEELY et al., Defendants; HOWARD RUMSEY, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Carl S. Kegley, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant and his codefendant were accused of violating section 11160, Health and Safety Code, by having in their possession flowering tops and leaves of Indian Hemp, scientifically classified as *cannabis sativa* and familiarly known as marihuana. They were convicted by a jury. From the judgment sentencing him to serve a year in the county jail Rumsey appealed on the following grounds: (1) Inefficiency of the pleading, (2) insufficiency of the evidence, (3) errors in the admission of certain testimony, (4) errors in the giving of certain instructions, and (5) the violation of public policy in the method of apprehending defendants.

A brief narrative of the facts impliedly found will serve to dispose of all contentions. On July 10, 1943, the State Narcotic Detail assisted by the Los Angeles police had under surveillance one Bonnie Bays suspected of peddling marihuana. Some of the officers stealthily occupied an apartment above that of Bonnie and her husband. Others kept watch on their movements in the streets. Bonnie had made a number of sales under the eyes of the officers. Her telephone rang about 8:00 p. m. She and her husband left their apartment on Seventh Street near Vermont at 8:30. From Seventh Street she alone walked one block north on Vermont and entered a drive-in restaurant on Wilshire Boulevard. While she was on her way Officer Mott and Inspector Beckner drove to the drive-in, saw her enter the grounds and walk directly to a Packard convertible coupé occupied by appellant and his codefendant. She took her seat to the right of appellant while Judith sat behind the driver's wheel. The three remained in the car ten or fifteen minutes without interruption. After Bonnie had left, the officers intercepted the Packard as it attempted to leave the premises, searched the occupants, then the glove compartment in which they

found two packages of marihuana of which both defendants denied all knowledge. They were then driven to the Bays' apartment on Seventh Street. In the meantime Bonnie had returned home and was promptly arrested. She took from her purse a package of marihuana similar in all external features to the two packages taken from the Packard car. Addressing her customer, Bonnie said, "Don't blame me for this Juda, because they got me too." In his interview with the officers Rumsey stated that he had smoked the weed on several occasions; that his friends used it; that it was hard not to use it at times. Further conversation developed additional admissions and other evidences of former friendliness between Judith and the Bays couple. From such proof and other details presented the jury were confronted with no difficulty in finding appellant and his codefendant both possessed the marihuana at the time alleged in the information. Thereafter appellant applied for probation, and in answer to the inquiries of the judge on the hearing appellant stated in open court that he had purchased the marihuana at $10 per package from Mrs. Bays; that he had smoked the weed possibly a dozen times; that the two packages were brought to the Packard car by Bonnie in accordance with previous arrangement with his friend in whose behalf he met Bonnie at the drive-in.

In view of appellant's confession of guilt in open court of the crime charged there could be no reversal of the judgment upon any of the first four assignments. Section 4½ of article VI of the Constitution positively forbids the appellate courts to set aside a judgment "on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." There can be no injustice in a judgment of conviction for a crime when the accused, after denying at the trial his participation in the offense and his extrajudicial admissions of guilt to the arresting officers, parades himself before the court in a plea for leniency and there confesses his guilt of all of which he had been accused. We similarly held on a prior occasion and there applied the provisions of section 4½. (*People* v. *Epstein*, 21 Cal.App.2d 488, 490 [69 P.2d 454].)

Since the fifth assignment is not included as one of the grounds for the denial of a reversal which are listed in the section we now proceed to a determination of whether it is against public policy for an officer to permit a peddler of a narcotic plant to continue his crimes and to arrest his customers for possession of the weed. It is argued that in knowingly permitting the peddler Bonnie Bays to continue her traffic after having ascertained her vocation the state became her partner. There is no statute prescribing the exact manner in which enforcement officers shall investigate the activities of a suspect. ■ As protectors of society it is their duty to suppress crime by the employment of any legal, reasonable stratagems. ■ In attempting to defeat illicit dealers in narcotics the police are justified in assuming that a salesman has associates or employers or vending customers. On such assumption it is their duty to endeavor to eradicate the entire tribe by judicial process. Such was the course pursued by the officers in the preparation of this case. They violated no rights in attempting to ascertain the extent of the operations of the suspect by detecting a number of sales of the vicious weed. ■ The conduct of arresting officers is of no concern to the courts so long as their behavior does not tend to influence the judicial inquiry into the merits of the accusation against the prisoner by violating his rights of due process of law. (McNabb v. United States, 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819].)

■ In any event such information cannot be deemed to have affected appellant adversely since it was developed by appellant's cross-examination of the officers. ■ Nothing done by the police in this case approaches an entrapment. They were primarily in pursuit of the peddler. That such pursuit resulted in the arrest of other criminals, including Rumsey and Judith, is no violation of the public policy of this state. Mrs. Bays had made no arrangement with the officers whereby she should make sales that they might arrest her customers. Neither is there the slightest proof that appellant was influenced in any degree by the officers to obtain the marihuana from Bonnie. The authorities cited by appellant (Saunders v. People, 38 Mich. 218; Commonwealth v. Beckings, 12 Pa.Dist.R. 206; Butts v. United States, 273 F. 35; Smith v. State, 61 Tex.Cr. 328 [135 S.W. 154]) are not apropos. Each of them deals with a crime into which the accused

was led by the officers or which the defendant was encouraged by the officers to commit.

The judgment is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1944.