[Crim. No. 2897.   Second Dist., Div. Two.   June 12, 1945.]

THE PEOPLE, Respondent, v. REGINALD D. HAMET, Appellant.

George Stahlman for Appellant.

Robert W. Kenny, Attorney General, Fred N. Howser, District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 337a, subdivision 2 of the Penal Code[1], after trial before the court without a jury, defendant appeals.

The evidence[2] being viewed in the light most favorable to the People (respondent), the essential facts are:

On April 23, 1944, Los Angeles City Police Officers entered an apartment at 329 South Cloverdale Street. The officers found defendant and his wife in the apartment. They also found a racing publication called Metropolitan Scratch Sheet, a telephone, a small order book and some order blanks upon which were notations. In the opinion of a duly qualified expert the latter constituted betting markers.

---

[1] Section 337(a), subdivision 2 of the Penal Code, reads thus:

"Every person, . . .

"2. Who, whether for gain, hire, reward, or gratuitously, or otherwise, keeps or occupies, for any period of time whatsoever, any room, shed, tenement, tent, booth, building, float, vessel, place, stand or inclosure, of any kind, or any part thereof with a book or books, paper or papers, apparatus, devise or paraphernalia, for the purpose of recording or registering any bet or bets, or any purported bet or bets, or wager or wagers, or any purported wager or wagers, or of selling pools, or purported pools, upon the result or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus, or upon the result, or purported result, of any lot, chance, casualty, unknown or contingent event whatsoever; . . .

"Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year."

[2] The matter was submitted to the superior court by stipulation upon a transcript of the testimony taken at the preliminary hearing.

Defendant relies for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

■ First: *There is not any substantial evidence to sustain the conviction.*

This proposition is untenable. Defendant admitted to one of the police officers that he was engaged in bookmaking at the apartment. Officer Fisk testified as follows:

"The defendant asked me if he could talk to me and I told him he could. We went out to the police car and he asked me where I worked and I told him where I worked. . . . I then asked him how long he had been making book at this place and he said for about two months. I asked him if he had taken the bets or if he wrote the bets, and he said 'No,' that his wife did, . . . he said all the papers I had found on that particular time—and I hadn't found all of the papers as yet— were all of the papers for that day and they recorded all the bets he had taken that day."

The foregoing admission of the defendant constituted substantial evidence to sustain each and every fact upon which the conviction was necessarily predicated. Further discussion of the evidence would not serve any useful purpose.

■ Second: *The trial court committed prejudicial error in considering certain evidence contained in the preliminary transcript.*

This proposition is also without merit. The law is settled that a judgment will not be set aside in any case on the ground of improper admission or rejection of evidence, unless there has been a miscarriage of justice. (Cal. Const., art. VI, § 4½.) Therefore, conceding without deciding that the trial court's rulings were erroneous, defendant may not urge them as error in this court, in view of his admission that "he had been making book at this place" for about two months. Such statement constituted a confession that he had participated in the crime with which he was charged. Thus no prejudice or miscarriage of justice resulted to him from the alleged erroneous rulings. (*People* v. *Epstein*, 21 Cal.App.2d 488, 490 [69 P. 2d 454].)

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., concurred.