[Crim. No. 943. Fourth Dist. Jan. 8, 1954.]

THE PEOPLE, Respondent, v. RICHARD HENRY MITMAN, Appellant.

*Assigned by Chairman of Judicial Council.

Richard Henry Mitman, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The appellant was found guilty of violating section 288a of the Penal Code, and he appeals from the judgment and an order denying his motion for a new trial.

On September 20, 1952, the appellant and a woman registered at a motel near Laguna Beach and occupied a room there. The next morning the appellant took a number of pictures which clearly disclose a violation of section 288a by these parties. The woman later complained to police officers in Los Angeles, accusing the appellant of extortion. A dictaphone device was set up in the woman's apartment in Los Angeles and on November 6, 1952, a conversation between the woman and the appellant was recorded on a tape by this device. The appellant was then arrested on a Los Angeles warrant charging him with being a vagrant under subdivision 5 of section 647 of the Penal Code. The officers found camera equipment and some rolls of undeveloped film in his car. The film, when developed, produced the pictures which were here introduced in evidence. The appellant admitted ownership of a camera found in his apartment and said he had used this camera to take these pictures.

The appellant was also arrested on November 12, 1952, on a warrant issued in Orange County charging him with

a violation of section 288a of the Penal Code. The matter was heard in a justice's court in Orange County on December 2, 1952, and the appellant was held to answer, apparently on that date. An information was filed on December 12, 1952, and a trial of the action began on January 19, 1953. The woman involved was charged with the same offense in the same information, and they were tried together. They admitted the acts charged but the woman claimed that she had been forced by the appellant to participate in the acts, and the appellant relied on the defense of former jeopardy. The jury found both defendants guilty and found for the People on the appellant's plea that he had been once in jeopardy for the offense charged. Sexual psychopathy proceedings regarding the appellant were commenced and psychiatrists were appointed pursuant to Welfare and Institutions Code, section 5504. The court found that there was probable cause for believing that he was a sexual psychopath, and adjourned proceedings in the case until that matter could be determined. At the time of the hearing the court found that he was a sexual psychopath and ordered him committed to Norwalk Hospital for an observation period. Subsequently, he was ordered returned to the court on the report of the hospital authorities. The sexual psychopathic proceedings were then terminated, and the case was restored to the calendar for criminal proceedings. The appellant's application for probation was denied and he was sentenced to the county jail for six months. This appeal followed.

Appellant's main contention is that it appears as a matter of law that he had been once in jeopardy. It is argued that a complaint had been filed in the municipal court in Los Angeles charging him with a violation of subdivision 5 of section 647 of the Penal Code; that the matter was set for trial on December 17, 1952; that when the case was called the complaint was dismissed on motion of the city attorney, with no reason given for the dismissal; that the photographs which were admitted in evidence in this case were in court at that time and that the officers who arrested him were present, waiting to testify in that matter; that the charge in that case that he was a lewd and dissolute person was based on the same acts and pictures as was the instant charge in Orange County; that the evidence showing he violated section 288a would also show that he was a lewd and dissolute person; and that a prosecution of the instant action was barred by section 1387 of the Penal Code.

■ Under well established rules, the dismissal of the misdemeanor complaint in Los Angeles would not bar the prosecution on this felony complaint. (*People* v. *Head,* 105 Cal. App. 331 [288 P. 106]; *People* v. *Smith,* 143 Cal. 597 [77 P. 449]; *People* v. *Brown,* 42 Cal.App. 462 [183 P. 829]; *People* v. *Nowak,* 76 Cal.App. 216 [244 P. 634].) Moreover, while some of the evidence would have been admissible in either case, the necessary elements of the two offenses were considerably different. While section 1387 provides that such a dismissal is a bar to any other prosecution for the same offense, it does not forbid prosecution for a different offense merely because some of the same acts and evidence might be involved in the other offense. It rather clearly appears that the Legislature never intended this statutory bar to apply under such circumstances as here appear. ■ In this connection the appellant further contends that the court erred in improperly advising the jury that in his opinion it should find for the People on the plea of once in jeopardy, since this plea had not been sustained by the evidence. The court also told the jury that despite this advice it was free to render the opposite verdict if it so desired. There was no evidence presented or offered which would have supported a contrary verdict on this issue, and no error appears in that connection.

■ The appellant further contends that he was entitled to a dismissal for lack of prosecution within the statutory time. It is argued that section 1382 of the Penal Code requires a dismissal where the information is not filed within 15 days after a defendant is held to answer, and where it is not brought to trial within 60 days after the filing of the information; that while a warrant was issued in Orange County on November 12, 1952, he was held in jail in Los Angeles and was not "arraigned" until December 2, 1952; and that the filing of the information on December 12, 1952, was 15 days too late. An information was filed on December 12, within 10 days after the appellant was held to answer, as indicated by the record, and the action was brought to trial on January 19, 1953, well within the time allowed. The appellant states that he was held in jail in Los Angeles from November 12th to December 2d, which seems to explain why the preliminary hearing was not held at an earlier date. Moreover, on December 12, 1952, when the appellant entered his pleas, he stated, in response to the court's question, that the date of January 19th was satisfactory to him. No lack

of jurisdiction appears, and the record fails to disclose that the appellant was entitled to a dismissal of the action for a lack of timely prosecution.

It is next contended that the "unsponsored" photographs were inadmissible for the purpose of proving the corpus delicti, and that without such improper evidence the corpus delicti was not proven and the admissions of the appellant were not admissible. These photographs were properly admitted into evidence. (*People* v. *Doggett,* 83 Cal.App.2d 405 [188 P.2d 792].) Not only do all of the essential facts set forth in the opinion in that case appear in the instant case, but the appellant here admitted that he himself took these pictures and he described in detail the method by which this was done. He testified to this effect while on the stand, and there was also considerable other evidence which conclusively shows that the negatives from which these pictures were printed were "pure negatives" and had not been tampered with, and that they correctly depicted what actually occurred at the time. There was additional evidence of the corpus delicti in the testimony of the appellant himself, including his statement that he had taken the pictures and that he and the woman had committed the acts depicted at the times when the pictures were being taken.

It is next contended that the court erred in admitting evidence concerning the appellant's arrest in Los Angeles, and particularly in admitting evidence of an extortion charge that was never filed in Los Angeles. Some Los Angeles officers testified as to the finding of the camera and films in appellant's apartment and car, and other matters which were proper as a foundation for the admission of the pictures into evidence. The appellant's codefendant brought out without objection, on cross-examination of these officers, the reference to a proposed extortion charge, and this was again brought out by the appellant himself in cross-examining these officers. No error appears and the appellant is in no position to complain with respect to these matters. (*People* v. *Seely,* 66 Cal.App.2d 408 [152 P.2d 454].)

The appellant next complains that the court erred in denying his request for an expert witness. The only thing which appears in this connection is that the appellant asked the court to authorize the sheriff of Orange County to take him to Los Angeles for the purpose of subjecting himself to

a lie-detector test, which request was refused. No error appears.

 It is next contended that the court erred in telling the jury that the appellant had not seen fit to defend himself. Just prior to giving his instructions the court stated that some comment had been made about appellant's being represented by counsel and about his sitting at the table with counsel for the other defendant, and told the jury that while the appellant had a right to an attorney and while he had been offered the services of the public defender "and he hasn't seen fit to defend himself, you are not to be concerned with that so far as your determination in this case as to the guilt or innocence of either of these defendants," and that the jury should not be prejudiced against him because he was not represented by an attorney. It clearly appears from the context that the court was referring only to the fact that he had not seen fit to defend himself by counsel. The appellant took an active part in the trial, making objections, cross-examining witnesses, taking the stand to testify, and arguing. The jury could not have been misled into believing that he had made no defense at all, and no possible prejudice appears. No request was made to have the remark stricken or the jury instructed to disregard it, and no reversible error appears. (*People* v. *Goldstein,* 84 Cal.App.2d 581 [191 P.2d 102].)

 It is next contended that the court erred in refusing to give 10 instructions requested by the appellant. Eight of these instructions related to the matter of former jeopardy and, as held by the court, there was no evidence which justified the giving of those instructions. The other two instructions related to the meaning of section 288a of the Penal Code, and were fully covered by instructions given in language which was much more favorable to the appellant than the language of the instructions offered and refused.

It is next contended that the court erred "in not protecting the appellant from the verbal abuse of the codefendant's counsel" and from the remarks of the district attorney in referring to the cost of bringing in a machine to reproduce the language on the recorded tape which the appellant had asked to have brought into court. No error appears in connection with the remarks of codefendant's counsel. The language of the tape recording was reproduced twice before the jury, and we are unable to see where any prejudice appears. Moreover, no objection to the district attorney's

remark was made and no request made to have the jury instructed to disregard it.

 It is next contended that error occurred when the reporter failed to take down for the record the remarks made before, during and after the playing of the tape recording before the jury. Nothing is said as to the nature of these remarks, and there is nothing in the record from which it could be determined whether or not anything therein was prejudicial. At the request of the appellant, the court ordered the reporter to transcribe from his notes the material on the tape recording played at that time, and all other proceedings in that connection. The reporter complied with this order, insofar as he was able, by inserting a transcript of this tape recording, and no objection was made by the appellant and no effort was made by him to avail himself of the opportunity afforded him by rule 36b to secure a record of anything further, if he deemed it important on his appeal.

Appellant's final contention is that the court erred in denying his motion for a new trial since the court had failed to sentence him within the statutory time. It is argued that section 1191 of the Penal Code requires that judgment be pronounced within 21 days after the verdict, with certain exceptions not applicable here, and that his rights were violated when the court suspended proceedings in connection with the sexual psychopathy proceedings.

The jury returned its verdict on January 28, 1953. On January 29, 1953, the court signed an order appointing psychiatrists pursuant to section 5504 of the Welfare and Institutions Code, and an order requesting a probation officer's report. On the same day, it signed an order adjourning proceedings in the criminal matter until a hearing to determine whether or not the appellant was a sexual psychopath could be had. These proceedings were not terminated until May 1, 1953, when the sexual psychopathy proceedings were terminated and the case restored to the calendar for criminal proceedings. The application for probation was then denied and the appellant sentenced to the county jail for six months. The procedure followed was that provided for in sections 5501 to 5512 of the Welfare and Institutions Code, and neither prejudice nor error appears. In any event, the failure to impose sentence within the time specified by section 1191 of the Penal Code does not affect the court's jurisdiction.

(*People* v. *Williams*, 24 Cal.2d 848 [151 P.2d 244].) And being, at most, an error of procedure the granting of a new trial because of such an error is prohibited by section 4½ of article VI of the Constitution, in the absence of a showing of prejudice. No such prejudice here appears and we are far from convinced that any miscarriage of justice has occurred.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied Jan. 21, 1954, and appellant's petition for a hearing by the Supreme Court was denied Feb. 3, 1954.